. BOARD OF COUNTY COMMISSIONERS OF MADISON COUNTY
v. C. B. CANDLER, Sheriff, et als.

(Decided December 23, 1898.)

*Amendment—New Parties Plaintiff—Demurrer.*

Where a demurrer is sustained for want of proper parties plaintiff, an amendment may be allowed in the discretion of the Court, provided it does not change substantially the nature of the claim demanded in the complaint. *Tillery* v. *Candler*, 118 N. C.

CIVIL ACTION on the official bond of C. B. Candler, Sheriff of Madison County, to recover balance of school funds due the county, tried before *Hoke, J.*, on demurrer at Spring Term, 1898, of the Superior Court of MADISON County.

The action was originally instituted in the name of B. Tillery, County Treasurer. Before the trial, there was a change in the law requiring the county commissioners to bring such action, and there was an amendment allowed to meet the requirement, and the Board of County Commissioners of Madison County were substituted as plaintiff. Since that amendment, there has been another change in the law which makes the County Board of Education the proper relator in such actions. Thereupon this demurrer was filed, the ground alleged being that the Board of Education were the proper plaintiffs in such actions.

His Honor sustained the demurrer, but on motion of plaintiffs allowed an amendment substituting the Board of Education as party plaintiffs in the complaint.

The defendants excepted, and appealed.

*Messrs. W. W. Zachary* and *Geo. A. Shuford*, for defendants (appellants).

*Mr. J. M. Gudger, Jr.*, for plaintiffs.

FURCHES, J.: This action was originally brought on the relation of Tillery, Treasurer of Madison County, against the defendant Candler, as Sheriff and tax collector, and his bondsmen for failing to pay over and account for the taxes of the county. After the action was commenced and before it was tried, the Legislature changed the law, so as to make it the duty of the county commissioners to bring such actions. To meet this legislative change in the relator, the plaintiff moved to amend the complaint by substituting the names of the commissioners for that of Treasurer. This motion was allowed and defendants appealed to this Court, where the action of the Court below was approved and affirmed (118 N. C., 388).

The case went back, but before it could be tried the Legislature made another change—making the County Board of Education the proper relator in such actions. Plaintiff again, at Spring Term, 1898, found that he had been again legislated out of court, and another motion was made to be allowed to substitute the "board of education" instead of that of the board of commissioners. This was allowed and defendants again appealed.

The only question presented by the appeal is whether the Judge had the power to make this order or not. And this very point is decided in this case at February Term, 1896—*Tillery* v. *Candler*, 118 N. C., 888.

It is true that defendants demurred and the demurrer was sustained. Therefore while the demurrer was argued by counsel for defendants, no question is presented by the demurrer for the reason that it was sustained.

There is something about this case rather remarkable to our minds. When it was here before, there was nothing in the case specially to attract our attention. But when it appears that, after the first change in the law with regard to the *formal* parties, before a trial could be had after the necessary change of the plaintiff relator had been made, another legislative change is made, and another order to name new parties becomes necessary; but when it is made, it is resisted by defendants. And although the very question had been decided by the Court in this very case, the defendants again appealed.

It may not be so, but such action as this by a public officer who has been entrusted with the public confidence, has the appearance of trifling with public justice, and as being an effort to hold public money that he has no right to hold. The judgment below is affirmed.

Affirmed.