MRS. JENNIE HILL, Admx., MARVIN HILL v. NORFOLK SOUTHERN RAILWAY COMPANY.

(Filed 9 May, 1928.)

**1. Railroad—Operation—Injury to Person on Track—Nonsuit—Negli-gence.**

Where there is evidence tending to show that at a highway grade cross-ing with a railroad the railroad had piled its crossties so high as to obstruct the view of its train, which came without signals or warnings, and struck an automobile and killed its occupants, it is sufficient evidence of the actionable negligence of the railroad company to take the case to the jury in the administratrix's action to recover damages for the killing of her intestate.

**2. Pleadings—Complaint—Correcting Name of Plaintiff—Correction Does Not Constitute New Action.**

Where one administratrix has renounced her right, and a second has been appointed, and the second administratrix has brought action and made her mark to the complaint, the action of the trial judge in correcting a mistake in the summons and complaint by changing the name of the first administratrix to that of the second, does not change the cause of action, and does not constitute error. C. S., 547.

CIVIL ACTION before *Oglesby, J.,* at October Term, 1927, of STANLY.

Plaintiff alleged and offered evidence tending to prove that on 20 March, 1926, her intestate was a passenger in an automobile on the Albemarle-Aquadale highway; that said public highway crosses at grade the track of defendant near Aquadale and is a much used highway. The car in which plaintiff was riding was driven by Charles S. Green. Ray-mond Green and Walter J. Green were also passengers in the car. As the car neared the crossing a train of defendant was approaching from the east and traveling west. The automobile approached the crossing from the south side. The evidence further tended to show that cross-

ties were piled on the right of way of defendant about 25 feet from the highway and about 12 feet from the railroad and on the south side thereof and on the east side of the highway. The evidence further tended to show that upon discovery of the train the driver of the automobile turned quickly to the right, overturning the automobile and throwing the occupants in front or under the train, and as a result all were killed.

At the conclusion of plaintiff's evidence there was judgment of nonsuit, from which judgment plaintiff appealed.

*Bogle, Bogle & Morton for plaintiff.*
*J. R. Price and U. L. Spence for defendant.*

BROGDEN, J. Was there any evidence of negligence to be submitted to the jury?

A. J. Green, witness for plaintiff, testified that he saw the young man in the automobile and talked to them about one hundred and fifty yards from the crossing. "After I saw the boys drive off in the track of the highway I wouldn't think it was more than four minutes until I heard the accident. I heard of it pretty quick I think. I had not gone into my house after I left those boys before I heard of the accident. I didn't hear any blow or noise of the train. . . . We noticed those crossties piled on the right of way of the railroad at that time. They run up about twenty-five feet from the highway and about twelve feet from the railroad. They were on the south side of the railroad. The boys were approaching the railroad from the south side. The ties were on the east side of the dirt road. . . . The train was coming evidently from the east. It was headed west. The piling of those crossties where they were would have the effect to almost break off the view there, very little view. The height of the pile of ties was somewhere like that above my head. I am six feet tall I suppose. They were six and a half feet high. I think the ground on which the crossties were piled was from two to three feet higher than the railroad track."

There was other evidence to the effect that the crossties obscured the vision of travelers except perhaps at a certain point as you approach the track. This evidence, viewed in its most favorable light, tends to show that the view of a traveler upon the highway was obstructed and that the train gave no signal. It was the duty of the defendant to give reasonable and timely notice of the approach of its train by ringing the bell or blowing the whistle, and a failure to perform such duty is negligence. Furthermore, the testimony of witnesses near by that they heard no bell or whistle is evidence that no such signal was given. *Goff v. R. R.,* 179 N. C., 219; *Perry v. R. R.,* 180 N. C., 290; *Earwood v.*

*R. R.,* 192 N. C., 27. It is true that other testimony offered by the plaintiff tended to show that proper signals were given. However, the weight and credibility of the testimony is for the jury.

In the summons, complaint and other papers filed in the cause the name of Mrs. Lillie Bett Hill, administratrix of Marvin Hill, appears as plaintiff. Lillie Bett Hill was the widow of the deceased. At the conclusion of the evidence the plaintiff moved to have the name of Mrs. Jennie Hill, administratrix of Marvin Hill, substituted in the summons, complaint and other papers in lieu of Mrs. Lillie Bett Hill. The defendant objected to this substitution. The court found as a fact that Lillie Bett Hill renounced her right to administer upon the estate of her husband and requested the clerk to appoint Mrs. Jennie Hill instead. Thereupon in August, 1926, Mrs. Jennie Hill was duly appointed administratrix of said deceased. Mrs. Jennie Hill was unable to read and write and by inadvertence her name was mistaken for that of Lillie Bett Hill. The trial judge further found that, as a matter of fact, Mrs. Jennie Hill was the identical person who made her mark to the complaint, who employed attorneys to bring the suit and who made her mark to all the papers in the cause. Thereupon, it was ordered by the court that the name of the plaintiff be corrected in accordance with C. S., 547. We do not think this constituted a new cause of action, but was a mere correction of the record in order to make it speak the truth, and therefore approve the action of the trial judge in this particular and disallow the motion for *certiorari* made by the defendant.

New trial.