F. A. GIBBS ET AL. v. BENNY LOUISE MILLS AND C. D. JUSTICE.

(Filed 26 February, 1930.)

1. **Parties A b—Trial court may allow real party in interest to be made plaintiff during trial when defendant is not prejudiced thereby.**

Where the cause of action is not changed or the rights of the defendant prejudiced it is not error for the trial court to permit the real party in interest voluntarily to be substituted as plaintiff in the action during the progress of the trial and after the jury had been empaneled, and proceed with the trial of the action.

2. **Limitation of Action B a—Where trespass from diverted surface water is intermittent recovery of damages for three-year period is not barred.**

Where an obstruction diverting the natural flow of surface water is entirely upon the defendant's land and the trespass upon the plaintiff's land resulting therefrom is intermittent, an instruction that the plaintiff could recover any damage done her property within three years prior to the action is not error.

APPEAL by defendant Justice from *Sinclair, J.,* at August Special Term, 1929, of BUNCOMBE. No error.

*John H. Cathey and Isabel Cathey for appellant.*
*J. Y. Jordan, Jr., for appellee.*

PER CURIAM. The plaintiff brought suit for the wrongful diversion of the natural flow of surface water and its discharge upon the plaintiff's property. In answer to the issues the jury found that the defendant, Benny Louise Mills, had not and that the defendant, C. D. Justice, had collected and discharged surface water upon the property of the plaintiff, and assessed damages. The judge directed the jury to find upon all the evidence that the action was not barred by the statute of limitations.

The two questions presented are thus stated by the appellant: (1) Can the court during the progress of the trial and after the jury has been empaneled, order the real party in interest to be made a party plaintiff instead of ordering a mistrial and withdrawing a juror? (2) Did the court err in directing a negative answer to the fourth issue on the statute of limitations?

The suit was brought in the name of F. A. Gibbs, but during the trial it was shown by records which the appellant introduced that Rebecca Gibbs, his wife, was the owner of the land. The first interrogatory propounded by the appellant impliedly admits that Mrs. Gibbs was the real party in interest, and raises the question whether the trial judge had the legal right to permit her voluntarily to become a plaintiff and to refuse

to withdraw a juror and grant a mistrial; for the record discloses that Mrs. Gibbs voluntarily came into court and asked to be substituted as plaintiff.

The presiding judge was not necessarily bound to grant a mistrial and continue the case in the absence of anything to indicate that the defendants would be prejudiced by going on with the trial. There was no suggestion that the jury was not satisfactory, and there seems to have been no bona fide contention that the *feme* plaintiff was not the owner of the lot. The real controversy involved the damage done the property, and the parties had ample opportunity by filing additional pleadings and by introducing evidence to present their contentions. The actual controversy was not changed by making Mrs. Gibbs a party, and the appellant, so far as we can see, was not prejudiced by her voluntary appearance as a plaintiff under an order of the court. Under these conditions we are of opinion that the judge was not required as a matter of law to continue the case. He would no doubt have continued it if the nature of the controversy had been changed or the defendants had been prejudiced.

The undisputed evidence shows in reference to the statute of limitations that the obstruction was entirely upon the land of the defendants. The trespass was not continuing but intermittent. There was therefore no error in the instruction that the plaintiff could recover for any damage done her property, in the manner alleged, within three years prior to the time she became a party to the action. *Roberts v. Baldwin,* 151 N. C., 407; *Duval v. R. R.,* 161 N. C., 448; *Langley v. Hosiery Mills,* 194 N. C., 644. We find

No error.