CHARLES H. BROOKS *v.* HERMAN ULANET.

(68 A2d 701)

May Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, J.J.

Opinion filed October 4, 1949.

*Bove, Billado & Dick* for the defendant.

*O. Fay Allen* and *F. Ray Keyser* for the plaintiff.

BLACKMER, J. This is an action in contract brought originally by Charles H. Brooks. The complaint was in two counts, the first being the common counts with specification for labor and materials furnished, the second being for breach of contract. The only question involved relates to an amendment which defendant claims improperly substituted a new party.

Charles H. Brooks was improved as the first witness. During his cross examination the following took place:

(Counsel at the bench)

Mr. Bourdon: We submit that there is considerable question as to whether or not this person is in fact the plaintiff here. There has been evidence admitted that the pay for the job was received by the son, Wilmer, and we raise that question and ask that the plaintiff having failed at this point to establish a verbal contract, that the matter be dismissed.

The Court: Well, it has occurred to the Court that perhaps the relationship between this man and his son is that of partners.

Mr. Bourdon: He hasn't testified.

Mr. Keyser: He took it over and so testified.

Mr. Bourdon: Nothing yet, as I recollect, with relation to partnership.

Mr. Keyser: He has told you any number of times that they were a company.

The Court: Now that being the case, the boy ought to be in here as party plaintiff to this action.

Mr. Bourdon: Well, we don't quite see at this time. I understand how one can be named as a party defendant but I question some if they can insert a new plaintiff at this time.

The Court: I think the statute is broad enough.

RECESS

The Court: It has been called to the Court's attention, and it is apparent to the Court itself from the testimony thus far, that

another party plaintiff is necessary to a proper adjudication of this case, and under the statute the Court orders the present plaintiff to join as co-plaintiff his son, Mr. Brooks. Now if Mr. Brooks is willing to become party to this action without the necessity of process as prescribed by statute, he, being in court, can so state.

Mr. Keyser: The record should show that it is Wilmer I. Brooks.

(Mr. Wilmer I. Brooks rises and states as follows) "I consent to be a part of this and waive all notice."

The Court: Very well. Then the record may show the pleadings in this case are amended by introducing as co-plaintiff Wilmer I. Brooks, and the action be amended to read, "Wilmer I. Brooks and Charles H. Brooks, co-partners under the firm name and style of Brooks and Brooks."
To the action of the Court, the defendant may have an exception on all grounds.

Defendant urges that the action of the court constituted a substitution of a partnership composed of Charles H. and Wilmer I. Brooks for the individual plaintiff Charles H. Brooks. Plaintiff contends that the action of the court joined Wilmer I. Brooks as a co-plaintiff under V. S. 1669, Rev. 1947, and ordered the title, and that alone, to be amended to show that these two plaintiffs were partners.

It is to be remarked that the court in its first comment referred to the partnership relation, and next stated "that being the case," Wilmer I. Brooks should be a party plaintiff. Thereafter the court ordered that the "pleadings be amended by introducing as co-plaintiff Wilmer I. Brooks, and the 'action' be amended to read 'Wilmer I. Brooks and Charles H. Brooks, co-partners under the firm name and style of Brooks and Brooks.'" Plaintiff in his

brief treats the word "action" as equivalent to "title" (of the case). But this treatment is too narrow, for the word "action" in its ordinary sense includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another. Bouvier Law Dic. 128. To the same effect is Ballentine's Law Dic., page 21. The word "action" therefore includes the word "pleading" which the court had just used.

The court's use of the words "co-plaintiff" and "party plaintiff" are to be construed, we think, in the light of this Court's statement in *Lewis and Co.* v. *Locke,* 41 Vt 11, 13: "But where they (partners) bring a suit and come into court as plaintiffs, the law requires that they shall in the writ insert their individual names, and describe themselves as co-partners doing business under the name and style of. . . ."

Further in the same connection the court referred to its action as being under "the statute," but made no mention of any particular statute. The court might possibly have had any one of three in mind: V. S. 1618, Rev. 1947, permitting amendments of substance, V. S. 1620, Rev. 1947, providing that actions shall not be defeated for non-joinder or misjoinder of parties, or V. S. 1669, Rev. 1947, providing for the joinder of additional parties plaintiff or defendant in actions founded on a joint contract. An examination of the transcript to the time the court took the action being considered discloses no evidence of an individual contract between Wilmer I. Brooks and the defendant, nor of a joint contract between Charles H. and Wilmer I. Brooks and the defendant. There is evidence, however, to the effect that the Brookses were partners. Partnership liability is a different thing from joint liability. *Dunbar v. Farnum and wf., co-partners,* 109 Vt 313, 318, 324, 196 A 237, 114 ALR 996.

Therefore for the reasons that the court appreciated the potential partnership relation, that the law and custom requires both partners' names to appear in the pleadings, and that the evidence discloses nothing to make V. S. 1620 or 1669, Rev. 1947, applicable, we conclude that the trial court intended a substitution of parties under the authority of V. S. 1618, Rev. 1947. More will be said of this last mentioned statute hereafter.

The next inquiry is whether it is permissible, during trial, to substitute for an individual plaintiff a partnership of which such individual plaintiff is a member. Under the common law an entire change of plaintiffs by the substitution of new persons in place of

those who originally brought the suit is not allowable. 39 Am Jur 966. In addition, although it is true that a partnership is not an entity to the full extent that is a corporation, *State* v. *Cadigan,* 73 Vt 245, 251, it has long been settled in this jurisdiction that a partnership is a legal entity, separate and apart from the individuals composing it. *Dunbar* v. *Farnum and wf.,* 109 Vt 313, 321, 196 A 237, 114 ALR 996; *Walker* v. *Wait,* 50 Vt 668, 676; *Glass et al* v. *Newport Clothing Co.,* 110 Vt 368, 372, 8 A2d 651. Consistent with these rules and determinative of the present case is *Emerson* v. *Wilson,* 11 Vt 357, 34 Am Dec 695. There the suit was brought before a justice of the peace by Emerson and Godfrey, a partnership. The justice amended the writ by striking out Godfrey's name, leaving Emerson the sole plaintiff. It was held by this Court that the amendment was improper because it changed both the parties and the cause of action. Here a partnership was substituted for an individual plaintiff, but the principle of law is the same. As stated in *Emerson* v. *Wilson, supra,* at 359 "a suit in the name of one of the members of the firm, or for a cause of action accruing to him alone, is entirely different from a suit in the name of the firm". Accord, *Dunbar* v. *Farnum and wf., supra.*

*Emerson* v. *Wilson, supra,* on which we base this decision, was cited with approval in *Bowman* v. *Stowell,* 21 Vt 309, 313-314, and *Holt* v. *Thatcher,* 52 Vt 592, 594. It is true, and understandable, that there are contrary arguments, but the case is firmly entrenched in our law.

V. S. 1618, Rev. 1947, on which, as we have seen, the trial court relied, provides that pleadings may be amended in matters of substance at any stage of the proceedings under the direction and in the discretion of the court. This statute is no help to plaintiff. It has been repeatedly held that an amendment cannot be allowed which changes the cause of action. *Smith* v. *Badlam and Anderson,* 111 Vt 328, 330, 16 A2d 182; *Parker* v. *Bowen,* 98 Vt 115, 118, 126 A 522, and cases cited. It is settled by *Emerson* v. *Wilson, supra,* that a change in the cause of action was effected in the instant case. And more, the statute, which has been in force since the Revision of 1787, provided at the time of *Emerson* v. *Wilson* (1839) that the court might permit either of the parties to amend any defect in the process or pleadings, upon such conditions as the court should prescribe. *Lewis and Co.* v. *Locke,* 41 Vt 11, 13; Laws of Vermont, Compilation of 1824, ch. 7, Sec. 51, p. 73.

Defendant asserts that if the allowance of the amendment were

otherwise permissible, he was prejudiced thereby. Since it has appeared that the amendment was not permissible it becomes unnecessary to examine this claim.

Two cases cited in the briefs should be disposed of. Plaintiff relies principally on *Wyman* v. *Wilcox' Est.*, 63 Vt 487, 21 A 1103. That case permitted the addition of a party plaintiff under what is now V. S. 1669, Rev. 1947. For that reason, the case is not in point. Defendant relies on *Glass* v. *Newport Clothing Co., supra.* The case holds that parties cannot be joined under V. S. 1669, Rev. 1947, where they are not interested in the identical claim. Except as above cited, this case, too, is no authority.

In *Emerson* v. *Wilson* at p. 360 is the statement, "The party should be confined to the cause of action contained in his declaration, and should not be permitted, by an amendment, to introduce new parties, or a new cause of action." This is the genesis of various statements in our reports, all dicta, to the effect that amendments cannot be allowed which change the parties. *Bowman* v. *Stowell,* 21 Vt 309, 314; *Stevens* v. *Hewett,* 30 Vt 262, 265; *Waterman* v. *Conn. and Passumpsic Rivers RR Co.,* 30 Vt. 610, 614, 73 Am Dec 326; *Swerdberger and wf.* v. *Hopkins,* 67 Vt 136, 144, 31 A 153; *Lewis et al* v. *Locke,* 41 Vt 11, 13; *Holt* v. *Thatcher,* 52 Vt 592, 594; *Hathaway* v. *Sabin,* 61 Vt 608, 610, 18 A 188; *Turner* v. *Bragg,* 115 Vt 196, 197, 55 A2d 268, and perhaps others. That these statements do not mean that there can never be a substitution of parties is apparent from a reading of *Underhill* v. *Rutland RR Co:,* 90 Vt 462, 467-472, 98 A 1017, where an action was brought by a receiver in his own name, and the complaint was amended by substituting the corporation as plaintiff for the receiver. See also annotation, 135 ALR 325.

As to the end result, defendant asks us to dismiss the action on the authority of *Emerson* v. *Wilson, supra,* at p. 358 and 360, 34 Am Dec 695. However, the conclusion in that case is distinguishable, for what the distinction is worth. There one partner was amended out of the case, here Charles H. Brooks remained in his capacity as partner. There, the amendment was by a justice, and the remand would have been to county court, here the remand will be to the court which allowed the amendment. We are disposed to limit *Emerson* v. *Wilson, supra,* to its own facts, so far as the dismissal of the action is concerned. The general rule with us is that when an amendment has been improperly made by an inferior court, and that amendment is disallowed or set aside here.

the case stands as though never amended. *Emerson* v. *Wilson,* *supra,* at 358; *Barber* v. *Ripley,* 1 Aiken, 80, 84. For example of reversal and remand after improper amendments, see *Sowles* v. *Hartford Life Ins. Co.,* 85 Vt 56, 81 A 98 and *Carpenter* v. *Gookin,* 2 Vt 495, 21 Am Dec 566. The general rule, as expressed in the cases mentioned, is the one which is applicable here.

The consequence is that the cause will be reversed and remanded for a new trial on the pleadings as they stood prior to the amendment substituting the partnership Brooks and Brooks for Charles H. Brooks. We add, from an abundance of caution, that proper amendments to such pleadings may be made, if necessary or desirable, in the discretion and under the direction of the trial court.

*Reversed and remanded.*