S. Freeman Austin et ux *v.* Louis W. Hallstrom, Jr.

(86 A2d 549)

January Term, 1952.

Present: Sherburne, C. J., Jeffords, Cleary and Adams, JJ., and Chase, Supr. J.

Opinion Filed February 5, 1952.

*Ernest E. Goodrich* for the plaintiffs.

*Witters, Longmoore & Akley* for the defendant.

CLEARY, J. The plaintiffs' writ states that this is "An Action of Trespass on the Freehold-Quare Clausum Fregit, vi et armis." The defendant's answer is a general denial and justification. During the trial the plaintiffs moved to amend their action by making Helen M. Austin a party plaintiff. The plaintiffs also moved that the defendant be required to elect upon which of his inconsistent defenses he was going to rely. The case is here on the plaintiffs' exceptions to the denial of both motions.

The plaintiffs base their title to the property concerned on a warranty deed to them from Helen M. Austin which contains the following paragraph: "Excepting, however from the operation and effect hereof to me, the said Helen M. Austin, the right to have, use, occupy, manage and control all of the above described real property for so long as I shall live." The plaintiffs, in their brief, construe the interest of Helen M. Austin in the real estate as that of a life tenant and that of the plaintiffs as vested remaindermen.

■■ The gist of the action of trespass upon the freehold is the injury to the possession. *Ripley* v. *Yale,* 16 Vt 257, 260; *Humphrey* v. *Twin State Co.,* 100 Vt 414, 418, 139 A 440, 56 ALR 1011. It did not appear that the plaintiffs here were in possession or had the right of immediate possession of the premises at the time the injury was committed. So their action cannot be supported. *Catlin* v. *Hayden,* 1 Vt 375; 382; *Bakersfield Cong. Soc.* v. *Baker & Potter,* 15 Vt 119, 128; *Oatman & Buck* v. *Fowler,* 43 Vt 462, 464; *Paine & Slocum* v. *Hutchins,* 49 Vt 314, 317; *Huntly* v. *Houghton,* 85 Vt 200, 204, 205, 81 A 452, and cases cited.

■ A remainderman has no right of possession until the particular estate is terminated and so cannot maintain an action of trespass on the freehold. 33 Am Jur 643; 52 Am Jur 860; 31 CJS 46, 97, 98, 99, 114; *McClain* v. *Todd's Heirs,* 5 JJ Marshall, Ky, 335, 22 Am Dec 37, 39; *Cannon* v. *Hatcher,* 1 Hill, SC, 260, 26 Am Dec 177; *Cherry* v. *Lake Drummond Co.,* 140 NC 422, 53 SE 138, 111 Am St Rep 850, 851; *Bohrer* v. *Davis,* 94 Neb 367, 143 NW 209, LRA 1918D, 430, AnnCas 1915A, 992, 993. But a life tenant can do so. *Weston* v. *Gravlin,* 49 Vt 507, 511; 52 Am Jur 860; *Zimmerman Mfg. Co.* v. *Daffin,* 149 Ala 380, 42 S 858, 9 LRANS 663, 123 Am St Rep 58, 66.

■ The rights of a life tenant and those of a remainderman are wholly distinct and separate. *Higgins* v. *Farnsworth,* 48 Vt 512, 514, 515.

■ The amendment asked for would change the parties and introduce a new cause of action. It would, in effect, substitute a plaintiff who could maintain trespass on the freehold for plaintiffs who cannot maintain this action. Such an amendment cannot be allowed and the court properly denied the motion to amend. *Emerson* v. *Wilson,* 11 Vt 357, 360; *Holt* v. *Thacher,* 52 Vt 592, 594; *Brooks* v. *Ulanet,* 116 Vt 49, 52, 53, 68 A2d 701.

■ The plaintiffs insist that the defendant be required to elect on which defense he relies because his answer contains inconsistent defenses. Defenses are inconsistent only when they cannot both be true, and the proof of one necessarily proves the falsity of the other. *Doubleday* v. *Town of Stockbridge,* 109 Vt 167, 170, 194 A 462; *Bradley* v. *Blandin et al,* 92 Vt 313, 315, 104 A 11; *McKinstry* v. *Collins,* 74 Vt 147, 156, 52 A 438. Neither element of inconsistency exists here because the answer first denies the trespass and then alleges that the defendant's acts were lawful and done in a lawful manner. All could be true and proof of one would not necessarily prove the falsity of the others. It follows that there was no error in the ruling of the court refusing to require the defendant to elect. *McKinstry* v. *Collins, supra; Johansson* v. *Granite Savings Bank & Trust Co.,* 114 Vt 336, 342, 44 A2d 542.

The case was passed here before final judgment under V. S. 47, § 2124. *The rulings denying the plaintiffs' motions are affirmed and the cause remanded.*