ORKIN EXTERMINATING COMPANY, INC., v. I. H. O'HANLON, EDWARD A. RASBERRY, JAMES MONTGOMERY AND ANTEX EXTERMINATING COMPANY, INC.

(Filed 3 February, 1956.)

**1. Appeal and Error § 2—**

An order of amendment substituting one plaintiff for another affects a substantial right and is appealable.

**2. Pleadings § 3a—**

Where the complaint alleges a contract between plaintiff corporation and one of defendants, but the contract attached to the complaint as an exhibit discloses that the contract sued on was between the individual defendant and a different corporation, the exhibit puts to naught the action asserted in the complaint, since the legal entity of each corporation may not be disregarded.

3. **Pleadings § 19c—**

Where the complaint alleges causes of action for breach of contracts executed by two of defendants, respectively, with the corporate plaintiff, as shown by the contracts attached as exhibits, but thereafter the summons and complaint are amended by substituting a different corporate plaintiff, the action may not be maintained by the original plaintiff, since its name had been stricken as plaintiff and no action is pending in its name, nor by the substituted plaintiff, since the contracts alleged in the amendment are not between the individual defendants and the substituted plaintiff.

4. **Pleadings § 22: Process § 3—**

The court does not have discretionary power to permit an amendment of the summons and complaint by striking the name of the plaintiff and substituting therefor another plaintiff when such amendment changes the cause of action. In an action to enjoin violation of contracts, an amendment substituting for the original corporate plaintiff the name of a separate corporate entity changing the cause of action, and may not be allowed. G.S. 1-163.

5. **Pleadings § 23½—**

Where an amendment allowed by the trial court is set aside on appeal for want of authority of the court to allow the amendment, the case stands as never amended.

6. **Pleadings § 15—**

A demurrer is a pleading within the purview of G.S. 1-151 requiring that pleadings be liberally construed with a view to substantial justice between the parties.

7. **Pleadings § 17—**

Demurrer, in this case, liberally construed *held* to substantially set forth as the ground of demurrer a misjoinder of both parties and causes, even though it does not use the specific words.

8. **Pleadings §§ 2, 19b—**

Causes of action against three separate defendants based on the alleged violation of three separate and distinct contracts, entered into at different times, with different expiration dates, are improperly joined, there being no allegations disclosing a connected series of transactions connected with the same subject of action, and demurrer for misjoinder of parties and causes of actions should have been allowed.

9. **Pleadings § 20½—**

Where there is an improper joinder of both parties and causes of action, the action must be dismissed upon demurrer.

10. **Contracts § 26—**

In an action to restrain individuals from breaching their contract not to engage in competitive employment in a designated area for a specified time, the corporation employing such individuals is not under contractual duty to plaintiff, nor may it be held liable as inducing the individual defendants to breach their contract when there is no allegation that the defendant corporation had any knowledge or notice of the alleged contracts.

**11. Same—**

> An action may not be maintained against a third party for inducing breach of an agreement by covenantor when the amended complaint fails to show that the alleged contract was made by the covenantor with the plaintiff.

APPEAL by plaintiff and the individual defendants from *Nimocks, J.,* September Civil Term 1955 of CUMBERLAND.

Civil action for injunctive relief allegedly arising out of contracts of employment containing restrictive covenants as to time and place of competitive activities, heard upon plaintiff's motion for a temporary restraining order, and upon demurrers written and *ore tenus* to the complaint entered by the defendants, and upon a motion by plaintiff to amend the summons, complaint and all papers filed in the case by the plaintiff by striking out in all these papers the name of Orkin Exterminating Company, Inc., and substituting in lieu thereof as plaintiff Orkin Exterminating Company of Raleigh, Inc.

The original plaintiff was Orkin Exterminating Company, Inc., a North Carolina corporation, having its principal office and place of business in Wake County.

This is a summary of the material allegations of the complaint.

For many years plaintiff has been engaged in the exterminating and pest and termite control business in the States of North Carolina and South Carolina, has built up a large and valuable business, and has acquired a substantial good will, which constitutes a valuable asset in its business.

The defendant O'Hanlon had been an employee of the plaintiff prior to 1 November 1954. On that date plaintiff and O'Hanlon entered into another employment contract terminating their previous contract. The complaint alleges that a full and true copy of this contract of 1 November 1954 is attached to the complaint, and marked Exhibit "A." Exhibit "A" is a contract between Orkin Exterminating Company of Raleigh, Inc., and O'Hanlon, and not a contract between plaintiff and O'Hanlon. In the contract marked Exhibit "A" O'Hanlon was referred to as Manager. The complaint alleges these material parts of the contract marked Exhibit "A": The company and the manager agree that the company is in the termite and pest control business, and has built up a valuable and extensive trade in the "Cities of Fayetteville, Clinton, Garland, Roseboro, Salemburg, Aberdeen, Carthage, Laurel Hill, Parkton, Laurinburg, Lumber Bridge, Pinebluff, Pinehurst, Raeford, Spring Lake, Southern Pines, Vass, Wagram, Fairmont, Lumberton, Maxton, Pembroke, Red Springs, Rowland, St. Paul, Biscoe, Hamlet, Ellerbee, Mt. Gilead, Robbins, Rockingham, Troy, Wadesboro, all within the State of North Carolina, and a 25 mile radius of each of

said cities." The manager expressly covenants and agrees that he will not, during the term of this agreement, and for a period of two years immediately following the termination of this agreement, for any reason whatsoever, directly or indirectly, for himself, or on behalf of, or in conjunction with, any other person, persons, company, partnership or corporation engage in competition in business with the company anywhere within the territory above set forth. In the course of his employment O'Hanlon acquired knowledge of the company's confidential processes and systems of exterminating and controlling pests and termites, and of its customers and business.

On 3 June 1955 plaintiff terminated its contract with O'Hanlon. Immediately thereafter O'Hanlon and Philip Melotto chartered the defendant Antex Exterminating Company, Inc., in which O'Hanlon and Melotto are the principal stockholders, directors and officers. The Antex Exterminating Company, Inc. is engaged in the same business with plaintiff, and in direct competition with it in the area set out in the contract of 1 November 1954 between plaintiff and O'Hanlon. O'Hanlon has advertised himself as being principal owner and manager of said company, and has procured former customers of plaintiff to become customers of this company. This company has engaged O'Hanlon, either as its chief executive officer, or one of its chief executive officers, and it and O'Hanlon are still engaged in solicitation of plaintiff's customers.

Plaintiff and the defendant Rasberry entered into a contract of employment, dated 13 February 1953. A copy of this contract is attached to the complaint and marked Exhibit "B." This contract shows that this contract was between plaintiff and Rasberry, and it contains substantially identical covenants and agreements, as set forth above in the O'Hanlon contract. On 30 June 1955, Rasberry left plaintiff's employment, and immediately thereafter entered the employment of the Antex Exterminating Company, Inc., by procurement of it and O'Hanlon, in which employment he is in direct competition with plaintiff, in violation of his contract with plaintiff.

The complaint alleges substantially the same facts against the defendant Montgomery as it does against the defendant Rasberry. A copy of the Montgomery contract is attached to the complaint, marked Exhibit "C," and shows that this contract was between plaintiff and Montgomery. It was entered into on 15 August 1949, and terminated on 7 June 1955.

O'Hanlon, Rasberry and Montgomery, by reason of their employment by plaintiff, knew the names of plaintiff's customers, and, as employees of Antex Exterminating Company, Inc., have caused many of plaintiff's customers to cancel their service contracts with plaintiff, and to give

them to their employer, and will solicit others to cancel their contracts with plaintiff. These activities by the defendants are causing plaintiff serious money loss, and, if permitted to continue, will cause the plaintiff to suffer irreparable loss.

Wherefore, the plaintiff prays that all the defendants be enjoined from competitive activity with it during the time, and within the area, set forth in its contracts with the defendants O'Hanlon, Rasberry and Montgomery.

Judge Nimocks signed an order to show cause why a restraining order should not issue. The defendants have not answered. Before the order to show cause was heard, the corporate defendant filed a written demurrer stating that the complaint does not state facts sufficient to constitute a cause of action, as it appears from the face of the complaint, that the corporate defendant, a legal entity, owes no obligation to plaintiff, has caused plaintiff no legal injury, and has neither committed, nor threatened to commit, any act for which injunctive relief should be granted. At a similar time the individual defendants filed a written demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, as it appears from the complaint, as a matter of law, that the contracts on which the complaint is based are void, and on the further ground that there is a misjoinder of parties in that the individual defendants are being sued on separate contracts.

After these demurrers were filed counsel for plaintiff and counsel for defendants stipulated, and agreed that at the time of the institution of this action there were two Orkin Companies operating in North Carolina: one of these was incorporated under the laws of this State as Orkin Exterminating Company, Inc., and the other was incorporated under the laws of this State as Orkin Exterminating Company of Raleigh, Inc.

Judge Nimocks, upon motion of plaintiff, and over the objection and exception of the defendants, and two months after the order to show cause was issued, in his discretion, allowed plaintiff to amend the summons, complaint, and all papers filed by it in the cause, by striking out the name of Orkin Exterminating Company, Inc., and inserting in lieu thereof the name Orkin Exterminating Company of Raleigh, Inc., on the ground that the former name was entered on these papers by inadvertence.

Whereupon, the defendants, and each of them as individuals, during the course of the argument on their written demurrers, demurred *ore tenus* on the following grounds: on the ground of a misjoinder of parties and causes, for that said alleged violations arose out of separate and distinct contracts with separate and distinct companies under different

conditions. O'Hanlon further demurred *ore tenus* on the ground that the complaint, which included the contract between him and plaintiff, did not allege a cause of action against him, for the reason that his contract was with the Orkin Exterminating Company of Raleigh, Inc., and not with Orkin Exterminating Company, Inc. The defendants Rasberry and Montgomery further demurred *ore tenus* on the ground that, after the name of plaintiff was changed from the Orkin Exterminating Company, Inc. to Orkin Exterminating Company of Raleigh, Inc., the complaint did not state a cause of action against them, because their contracts were attached to the complaint as exhibits, and show that their contracts were with Orkin Exterminating Company, Inc., and not with the Orkin Exterminating Company of Raleigh, Inc.

The motion to show cause was heard by Judge Nimocks upon evidence offered by the parties.

The judge made elaborate findings of fact. He sustained the corporate defendant's demurrer, using this language: "11. The demurrer of the corporate defendant is sustained because the plaintiff has failed to state a cause of action against said defendant in that it has failed to show any legal duty owing to the plaintiff by the corporate defendant, and because the purpose of the injunctive relief asked against the corporate defendant will be adequately accomplished by the injunction herein granted to the plaintiff against the individual defendants." He overruled the demurrers, written and *ore tenus,* of the individual defendants. The judge then entered an order restraining the individual defendants, and each one of them, from engaging in competing activities with the plaintiff for the times and within the area as set forth in the contracts of employment of each individual defendant, pending the final hearing of this action.

From that part of the order sustaining the demurrer of the corporate defendant, the plaintiff excepts and appeals, assigning error.

From that part of the order overruling their written demurrer, and from the court's findings of fact and conclusions of law and issuing its temporary injunction, and from the court's order allowing the name of the plaintiff to be changed from Orkin Exterminating Company, Inc., to Orkin Exterminating Company of Raleigh, Inc., the individual defendants, and each one of them, except and appeal, assigning error.

*Tally, Tally & Brewer and McKenzie, Kaler & Shulman for Plaintiff, Appellee and Plaintiff, Appellant.*

*Rose, Sanford & Weaver and Nance & Barrington for Defendant, Appellee and Defendants, Appellants.*

APPEAL BY DEFENDANTS O'HANLON, RASBERRY AND MONTGOMERY.

PARKER, J.   The defendants assign as error the order of the court in striking out the name of the Orkin Exterminating Company, Inc. as plaintiff and in substituting in lieu thereof the name of the Orkin Exterminating Company of Raleigh, Inc. as plaintiff.

Orkin Exterminating Company, Inc., and Orkin Exterminating Company of Raleigh, Inc. are different corporations, and each one has a distinct legal entity.  *Hogsed v. Pearlman*, 213 N.C. 240, 195 S.E. 789; 18 C.J.S., Corporations, Sec. 4.

This assignment of error presents for decision this question: Under the broad powers of amendment in the discretion of the court authorized by G.S. 1-163, did the lower court have the power to substitute Orkin Exterminating Company of Raleigh, Inc., as plaintiff, in lieu of Orkin Exterminating Company, Inc., thereby working an entire change of parties plaintiff, and introducing a new cause of action?

This order of amendment affects a substantial right of the appellants, and is appealable.  *Snipes v. Estates Administration, Inc.*, 223 N.C. 777, 28 S.E. 2d 495.

The facts here do not present a case of a misnomer or defect in the description of a party, where an amendment is permissible, as was the case in *Propst v. Trucking Co.*, 223 N.C. 490, 27 S.E. 2d 152, and *Clevenger v. Grover*, 212 N.C. 13, 193 S.E. 12.

In *Grandy v. Sawyer*, 9 N.C. 61, the Court was considering the general provisions for amendment given by the Act of 1790.   That Act, which appears in Laws of North Carolina, Iredell, page 696, reads in part: "And the said courts respectively shall . . . and may at any time permit either of the parties to amend anything in the process or pleadings, upon such conditions as the said courts respectively shall in their discretion and by their rules prescribe."   The Court said: "But comprehensive as the words are, they can scarcely be thought to warrant a total change of parties, except in a case where the parties were merely nominal, and the person concerned in interest had also been a party from the beginning."

This Court said in *Snipes v. Estates Administration, Inc., supra:* "It has been held, as stated in the case of *Street v. McCabe*, 203 N.C. 80, 164 S.E. 329, that 'Whenever objection is made the court has no authority to convert a pending action which cannot be maintained into a new and independent action by admitting a party who is solely interested as plaintiff.   It is not permissible, except by consent, to change the character of the action by the substitution of one that is entirely different.  *Merrill v. Merrill, supra* (92 N.C. 657) ; *Clendenin v. Turner*, 96 N.C. 416; *Hall v. R. R.*, 146 N.C. 345; *Bennett v. R. R.*, 159 N.C.

345; *Reynolds v. Cotton Mills*, 177 N.C. 412; *Jones v. Vanstory*, 200 N.C. 582.'"

The Court said in *Bailey v. McPherson*, 233 N.C. 231, 63 S.E. 2d 559: "Ordinarily, an amendment of process and pleading may be allowed in the discretion of the court to correct a misnomer or mistake in the name of a party. Citing authorities. But not so where the amendment amounts to a substitution or entire change of parties."

In *Clendenin v. Turner*, 96 N.C. 416, it is said: "The Court has no authority to allow such amendments as to parties, or as to the cause of action, as make a new, or substantially a new action, unless by the consent of the parties. Indeed, this would not be to *amend*, in any proper sense, but to substitute a new action by order, for and in place of a pending one, which the Court cannot do."

In Annotation 135 A.L.R. 326, where many cases from many jurisdictions are cited in support, it is said: "As a general rule, either at common law or under amendment statutes not providing expressly that the cause of action may be changed, the right to amend pleadings by substituting a new plaintiff for the original one depends upon whether such amendment will introduce a new cause of action into the case. Where such substitution will introduce a new cause of action into the case it cannot be allowed, while if it will not introduce a new cause of action it may be permitted." See also: Elaborate Annotation 135 A.L.R. 325, *et seq.*, entitled "Substitution of plaintiff as proper subject for amendment of Complaint"; 39 Am. Jur., Parties, Sec. 98; 67 C.J.S., Parties, pp. 1021-1022, pp. 1075-1077, p. 1089.

We have held in the following cases that one plaintiff may be substituted for another plaintiff, working an entire change of plaintiffs, by amendment, where no substantial change in the nature of the claim demanded in the complaint was involved. In *Bullard v. Johnson*, 65 N.C. 436, there was a substitution of the assignee as plaintiff in lieu of the assignor, original plaintiff: a decision in accord with the view generally adopted by the courts, Anno. 135 A.L.R. 340-347. In *Talbert v. Becton*, 111 N.C. 543, 16 S.E. 322, an action to recover land, a purchaser, after the commencement of the action, was substituted as party plaintiff on the ground that the action was based on the legal title alone. In *Hill v. R. R.*, 195 N.C. 605, 143 S.E. 129, a substitution of one administratrix in place of another administratrix in an action for damages for wrongful death was allowed by amendment, because it did not constitute a new cause of action. See also: *Grandy v. Sawyer, supra; Bray v. Creekmore*, 109 N.C. 49, 13 S.E. 723; *Commissioners v. Candler*, 123 N.C. 682, 31 S.E. 858; *Gibbs v. Mills*, 198 N.C. 417, 151 S.E. 864.

Orkin Exterminating Company, Inc., the original plaintiff, alleges in paragraph 5 of its complaint: "5. On 8 May 1945 plaintiff and defend-

ant, O'Hanlon, entered into a written contract by which defendant O'Hanlon on that date entered into the service of plaintiff as an employee and specifically as Manager of its Raleigh, North Carolina office. On 5 September 1945 plaintiff and defendant O'Hanlon entered into a new contract of employment by which defendant O'Hanlon became Manager of plaintiff's Fayetteville, North Carolina office. . . . On 1 November 1954 plaintiff and defendant O'Hanlon entered into another contract terminating their previous contracts of employment . . ." A contract dated 1 November 1954, and attached to the complaint as Exhibit A, contains the provisions as to competing activities copied in the remaining part of paragraph 5, and is a contract between Orkin Exterminating Company of Raleigh, Inc. and O'Hanlon, and not a contract between Orkin Exterminating Company, Inc. and O'Hanlon.

Orkin Exterminating Company, Inc. alleges a contract with the defendant Rasberry, and the contract attached to the complaint marked Exhibit B is a contract between Orkin Exterminating Company, Inc. and Rasberry. An identical factual situation exists as to the defendant Montgomery. It seems clear that the name of Orkin Exterminating Company, Inc. was not written as plaintiff by inadvertence, as plaintiff contends, instead of Orkin Exterminating Company of Raleigh, Inc., because of the allegations of the complaint as to the defendants Rasberry and Montgomery and their attached contracts.

The allegations of the complaint of the original plaintiff against O'Hanlon are neutralized by the contract attached to the complaint marked Exhibit A, which "puts to naught the cause of action asserted" in the complaint against O'Hanlon. *Hall v. Refining Co.*, 242 N.C. 707, 89 S.E. 2d 396. If the substitution of parties plaintiff here were permissible, the identical result would be reached as to the defendants Rasberry and Montgomery.

The substitution of parties plaintiff was an attempt to change the liability sought to be enforced against O'Hanlon from a contract alleged in the body of the complaint between O'Hanlon and the original plaintiff to an alleged contract between O'Hanlon and the substituted plaintiff, a wholly distinct and different contract, and an entirely different plaintiff, and to wipe out the conflict between the allegations of the complaint as to O'Hanlon and the contract attached thereto, marked Exhibit A. In other words, the complaint failing to state a cause of action in the original plaintiff against O'Hanlon, by substitution of parties plaintiff, an attempt is made to make the complaint state a cause of action against O'Hanlon by the substituted plaintiff, and a further cause of action by the substituted plaintiff against the corporate defendant as substantially the *alter ego* of O'Hanlon. See: *Sineath v. Katzis*, 218 N.C. 740, 756, 12 S.E. 2d 671; 67 C.J.S., Parties, p. 1022.

In *Austin v. Hallstrom,* 117 Vt. 161, 86 A. 2d 549, the Court said: "The amendment asked for would change the parties and introduce a new cause of action. It would, in effect, substitute a plaintiff who could maintain trespass on the freehold for plaintiffs who cannot maintain this action. Such an amendment cannot be allowed and the court properly denied the motion to amend."

Broad as are the provisions of G.S. 1-163 as to amendments, and liberally as we construe them (*Clevenger v. Grover, supra*), they are not broad enough to permit the substitution of parties plaintiff under the facts here. This Court said in *Goldston Brothers v. Newkirk,* 234 N.C. 279, 67 S.E. 2d 69: "The lower court may allow or disallow such amendments as it may think proper in the exercise of its sound discretion (G.S. 1-163; *Gilchrist v. Kitchen,* 86 N.C. 20), bearing in mind, of course, that the nature of the cause of action as previously charted may not be substantially changed." The assignment of error by the individual defendants as to the substitution of parties plaintiff is good.

The order of amendment permitting a substitution of Orkin Exterminating Company of Raleigh, Inc. as plaintiff in lieu of Orkin Exterminating Company, Inc., having been improperly made without authority, and the amendment set aside here, the case stands as though never amended. *Brooks v. Ulanet,* 116 Vt. 49, 68 A. 2d 701; *Hill v. Jamieson,* 16 Ind. 125, 79 Am. Dec. 414; 71 C.J.S., Pleadings, p. 694.

The individual defendants filed a written demurrer, which states as one ground thereof: "There is a misjoinder of parties in that the individual defendants are each being sued on separate contracts, the fact situation is different in each case, such joinder will confuse and obscure the respective defenses."

A demurrer is generally considered as a pleading. *Wilkinson v. Cohen,* 257 Ala. 16, 57 So. 2d 108; *Inman v. Willinski* (Maine), 65 A. 2d 1; 71 C.J.S., Pleadings, Sec. 211, p. 418. G.S. 1-124 states: "The only pleading on the part of the defendant is either a demurrer or an answer."

G.S. 1-151 provides: "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties."

The written demurrer does not use the specific words, a misjoinder of both parties and causes, but a liberal construction of the words used in the written demurrer leads us to the conclusion that it substantially sets forth as a ground of demurrer a misjoinder of both parties and causes.

The individual defendants, and each one of them, assign as error the overruling of their written demurrer.

The allegations against these three defendants are based on the alleged violations of three separate and distinct contracts, each contract entered into at different times by different parties, each terminated at a different time, and if we consider alone the contracts attached to the complaint, two contracts entered into by the original plaintiff and one by the substituted plaintiff. It is clear that the alleged cause of action against O'Hanlon does not affect Rasberry and Montgomery; that the cause of action against Rasberry does not affect the other individual defendants, and the same applies to Montgomery. The several causes of action united in the complaint do not "affect all the parties to the action," as required by G.S. 1-123.

*Utilities Com. v. Johnson,* 233 N.C. 588, 64 S.E. 2d 829, was a suit instituted by the Utilities Commission against five defendants, taxicab operators, to restrain alleged violation by each of them of G.S. 62-121.47. The Court said: "It is apparent that the plaintiff has improperly sought to unite in the same complaint separate and distinct causes of action against five different persons among whom there is no joint or common liability and no privity or community of interest. Suit against one of the defendants for the causes alleged in nowise affects the other four, and hence joinder may not be permitted under G.S. 1-123 . . ."

The court said in *Snotherly v. Jenrette,* 232 N.C. 605, 61 S.E. 2d 708: "It has been uniformly held by this Court that separate and distinct causes of action set up by different plaintiffs or against different defendants may not be incorporated in the same pleading, and that such a misjoinder would require dismissal of the action." See also: *Tart v. Byrne, ante,* 409, 90 S.E. 2d 692; *Johnson v. Scarborough,* 242 N.C. 681, 89 S.E. 2d 420.

The facts alleged in the complaint do not constitute a connected series of transactions *connected with the same subject of action* so as to invoke the rule laid down in *Trust Co. v. Peirce,* 195 N.C. 717, 143 S.E. 524; *Barkley v. Realty Co.,* 211 N.C. 540, 191 S.E. 3; *Leach v. Page,* 211 N.C. 622, 191 S.E. 349; *Pressley v. Tea Co.,* 226 N.C. 518, 39 S.E. 2d 382; *Erickson v. Starling,* 233 N.C. 539, 64 S.E. 2d 832.

It is obvious that in the instant case there is a misjoinder of both parties and causes, and such being the case the demurrer of the individual defendants should have been sustained, and the action dismissed. *Tart v. Byrne, supra; Snotherly v. Jenrette, supra; Sasser v. Bullard,* 199 N.C. 562, 155 S.E. 248.

## APPEAL BY PLAINTIFF.

The plaintiff assigns as error the sustaining of the corporate defendant's demurrer.

The defendant Antex Exterminating Company, Inc. is a distinct legal entity, and is not a party to any contract not to engage in a competing business with either Orkin Exterminating Company, Inc., or Orkin Exterminating Company of Raleigh, Inc. There are no allegations in the complaint that the corporate defendant knew or had any notice of the alleged non-competitive contracts of Rasberry and Montgomery with Orkin Exterminating Company, Inc. The allegations as to them are that they entered into the contracts attached to the complaint with the original plaintiff, the termination of those contracts, the employment of them by the corporate defendant, and their competing activities.

The plaintiff relies upon this statement in *Sineath v. Katzis, supra,* which it quotes in its brief: "However, a stranger to the covenant may properly be enjoined from aiding the covenantor in violating his covenant or receiving any benefit. therefrom. Hence, a stranger to the covenant may well be enjoined from, in conjunction with the covenantor, or with his assistance, conducting a business in competition with the covenantee." A few sentences later on this opinion states: "Knowledge of the contract, of course, is a condition of liability."

The plaintiff further contends that the complaint alleges an interference by the corporate defendant with the alleged contract relationships of the individual defendants with itself, the original plaintiff, and cites in support thereof a quotation from 30 Am. Jur., Interference, Sec. 23, p. 75, and this statement from Annotation 84 A.L.R. 83: "It is not justification for knowingly procuring the breach of a contract that defendant acted without an improper purpose, and sought only to further his own interests. . . . thus, competition is not a justification for inducing one to commit a breach of a contract, and thereby to interfere with the business of the other party thereto."

In 30 Am. Jur., Interference, Sec. 22, p. 75, it is said: "Knowledge of the existence of a contract is a condition of liability for procuring its breach." In the same annotation from A.L.R. quoted by plaintiff, it is said on p. 49: "Knowledge of the contract is, of course, a condition of liability."

The complaint states no cause of action against the corporate defendant in respect to its relations with Rasberry and Montgomery, because there is no allegation to the effect that the corporate defendant had any knowledge or notice of the alleged contracts between them and Orkin Exterminating Company, Inc.

As we have stated above, the allegations of the complaint that O'Hanlon is a covenantor with Orkin Exterminating Company, Inc. are "neutralized" and "put to naught" by the contract attached to the complaint and marked Exhibit "A." Therefore, the complaint states

no cause of action against the corporate defendant so far as its connection with O'Hanlon is concerned, for it does not appear that O'Hanlon was a covenantor with Orkin Exterminating Company, Inc.

If we had adopted the view that, when the amendment substituting Orkin Exterminating Company of Raleigh, Inc. as plaintiff in lieu of Orkin Exterminating Company, Inc. was vacated here, the case did not stand as never amended, it would avail the original plaintiff nothing, because for lack of any plaintiff no action would be pending.

It is to be distinctly understood that we have not by anything said here expressed any opinion as to the validity or invalidity of the provisions in the contracts attached to the complaint as to non-competitive activities.

On plaintiff's appeal—Affirmed.

On individual defendants' appeal—Reversed and Action Dismissed.