ANDREX INDUSTRIES CORPORATION v. WESTERN CAROLINA WARE-
HOUSING COMPANY v. WILLIAM B. DILLARD CONSTRUCTION COM-
PANY, INC., THIRD PARTY DEFENDANT

No. 7728SC137

(Filed 17 January 1978)

**Pleadings § 34— substitution of plaintiff**

In an action to recover for damage to yarn stored in defendant's
warehouse, the trial court did not err in permitting the complaint to be amend-
ed to substitute as plaintiff a subsidiary of the original corporate plaintiff
where the motion to amend alleged that the subsidiary was the actual owner
of the yarn involved in the action and contracted with defendant for the
storage thereof, since the real controversy involved the damage to the yarn,
and defendant's liability, if any, for damage to the yarn was not changed by
the substitution of the subsidiary as the party plaintiff.

APPEAL by defendant Western Carolina Warehousing Com-
pany from *Lewis, Judge.* Order entered 24 November 1976 in
Superior Court, BUNCOMBE County. Heard in the Court of Ap-
peals 6 December 1977.

Duplan Corporation instituted this action as plaintiff alleging
that certain yarn, owned by Duplan and received and stored by
defendant Western Carolina Warehousing Company, was dam-
aged as a result of defendant Warehousing Company's negligence.

Defendant duly filed answer on 10 September 1975 denying
liability and setting forth certain further defenses not pertinent
to this decision. Various discovery proceedings and related hear-
ings transpired between that date and 9 February 1976.

On 10 November 1976, Andrex Industries Corporation filed a
motion requesting that it be substituted as plaintiff in this cause
and that the complaint be so amended. In support of this motion,
Andrex alleged that it was a wholly owned subsidiary of Duplan,
that it owned the yarn involved in this action and contracted with
defendant for storage thereof, and that this action had been in-
stituted in the name of Duplan through "inadvertance and

mistake arising out of business and structural connections between Duplan and Andrex." In conclusion, Andrex alleged that it was the real party in interest and through this motion, ratified commencement of this action.

On 24 November 1976, the trial court entered an order allowing substitution of Andrex Industries Corporation as plaintiff in this cause and requiring the complaint to be so amended. Defendant appealed to this Court.

*Morris, Golding, Blue and Phillips, by Steve Kropelnicki, Jr., for the plaintiff.*

*Uzzell and DuMont, by Larry Leake, for the defendant.*

MARTIN, Judge.

Defendant contends that the substitution of Andrex Industries Corporation as plaintiff in this cause creates a new and independent cause of action and in effect, is an attempt to change the liability sought to be enforced against defendant. With this conclusion, we cannot agree.

In *Exterminating Co. v. O'Hanlon*, 243 N.C. 457, 91 S.E. 2d 222 (1956), our Supreme Court held that a trial court is without authority to permit substitution of parties plaintiff where to do so would create a new cause of action. However, in that same case, the Court also recognized the rule that "one plaintiff may be substituted for another plaintiff, working an entire change of plaintiffs, by amendment, *where no substantial change in the nature of the claim demanded in the complaint was involved.*" (Emphasis added.) In *Gibbs v. Mills*, 198 N.C. 417, 151 S.E. 864 (1930), cited in the *Exterminating Co.* case as authority for the latter rule, the Court allowed the substitution as plaintiff of the actual owner of real property where the suit had been instituted by a nonowner for damages to the real property. The Court in *Gibbs* held that since the real controversy involved damage done to the property, the cause of action had not been changed and the defendant had not been prejudiced by allowing the true owner — the real party in interest — voluntarily to be substituted as plaintiff.

In the instant case, the real controversy involved the damage done to the yarn. Defendant's liability, if any, for this damage was

not changed by the substitution of the parties plaintiff. We can perceive of no prejudice to defendant arising therefrom. The trial court's order allowing substitution of Andrex Industries Corporation as plaintiff and amendment of the complaint to reflect such substitution was proper.

In addition, we note that plaintiff has relied on Rule 17(a) of the Rules of Civil Procedure in support of the trial court's ruling. Rule 17(a) provides:

> "No action shall be dismissed on the grounds that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

Though defendant has not sought dismissal in the instant case, we are of the opinion that the spirit and intent of Rule 17(a) is consistent with and would dictate the result reached herein. *See* 1 McIntosh § 591 (Phillips Supp. 1970).

Affirmed.

Chief Judge BROCK and Judge CLARK concur.