VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-178



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2024

Robin Levarn v. Charles Levarn\* & Karen Levarn\*

} APPEALED FROM:
}
} Superior Court, Addison Unit, Civil Division
} CASE NO. 22-2-20 Ancv
Trial Judge: David R. Fenster

In the above-entitled cause, the Clerk will enter:

Defendants Charles and Karen Levarn appeal a civil division order granting judgment to plaintiff Robin Levarn[*] on a trespass claim and awarding damages.  On appeal, defendants argue that the civil division erred in granting judgment to plaintiff because they contend that there was no possession of the property at the time of the alleged trespass and this is a necessary element of the claim.  We affirm.

Following a bench trial, the court made the following findings.  The dispute revolves around property on Quaker Street in Lincoln, Vermont.  In 1998, Mary and Howard Levarn owned the property and conveyed it to themselves and their son, defendant Charles Levarn. They also executed a written agreement reserving a life estate for Mary and Howard while requiring Charles to make payments into a trust and be responsible for certain upkeep of the property.  The purpose of the trust was to provide Charles's siblings with a portion of Mary and Howard's estate.  Howard passed away in 2006.  In 2016, Mary and Charles executed an additional conveyance of the property to Charles and his wife that reserved a life estate for Mary. For a time, defendants resided on the property with Mary, but the relationship apparently deteriorated, and in 2019, Mary moved out of the home.  In September 2019, Mary sent

---

[*] Mary Levarn originally filed this suit.  After her death in December 2023, Robin Levarn, Mary's daughter, substituted as plaintiff in her capacity as Special Administrator of the Estate of Mary Levarn.

defendants a formal notice that their right to reside there was terminated effective December 15, 2019.

In February 2020, Mary filed this suit alleging that she was entitled to exclusive possession and defendants refused to leave the property. She raised several claims, including trespass, and sought damages. The court held a bench trial. After trial, Mary passed away and Robin Levarn was substituted as plaintiff. Several claims were dismissed but the trespass remained. The court concluded that the relevant deed unambiguously reserved a life estate for Mary and that she had the right to sole and exclusive possession of the property for the duration of her life. The court entered judgment in plaintiff's favor on the trespass claim and awarded damages in the amount of $95,145.21—the fair market rental value of the property for the period between December 15, 2019, and Mary's death. Defendants filed this appeal.

On appeal, defendants contend that a plaintiff must prove ongoing possession of the subject property—not merely assert ownership—to prevail on a claim for trespass. Defendants rely on Moyers v. Poon, 2021 VT 46, ¶¶ 29-30, 215 Vt. 118, in which this Court explained that a trespass claim could be sustained without demonstrating title ownership of the property if there was actual possession. Defendants argue that Mary did not have possession of her home at the time of the alleged trespass and therefore she could not sustain a trespass claim against them. Plaintiff responds that Mary had a right to possession of the property through ownership of title and therefore was not required to also show actual possession to support a claim of trespass. See Austin v. Hallstrom, 117 Vt. 161, 161 (1952) (explaining that trespass results from injury to possession, and possession includes those "in possession" or who have "right of immediate possession of the premises at the time the injury was committed").

We do not reach defendants' argument because they have not demonstrated how the issues they raise on appeal were preserved below. See V.R.A.P. 28(a)(4)(A) (requiring appellate argument to explain how issues on appeal were preserved). "To properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994). Before the civil division, defendants argued that there was no trespass because they had a right to possession of the property. Defendants also made several arguments regarding the proper measure of damages, including in their post-trial brief, which claimed that the measure of damages for trespass was limited to the physical harm caused to the property and that rental value would only be available under a theory of ejectment. On appeal, defendants assert that this adequately preserved the arguments raised on appeal. Although defendants' argument below sought to distinguish trespass and ejectment for purposes of calculating damages, at no point did defendants argue that plaintiff could not sustain a claim for trespass because she was not physically possessing the property at the time of the alleged trespass. Because defendants did not present the claim raised on appeal to the trial court in the first instance, defendants have not preserved this argument for appeal.

In the alternative, defendants seek a remand to the trial court with directions "to make a clear factual finding regarding possession." There is no basis to remand. The civil division found that the conveyance provided Mary with a right to exclusive possession to the property

2

throughout her life.  There was no need for further findings regarding possession to support the court's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice