Scottish Union & National Ins. Co. *v.* Skaggs.

[75 South. 437, Division B.]

1. Insurance. *Agreements to arbitrate. Effect of total loss.*

Where under a fire insurance policy of one thousand dollars covering furniture not described in particular items, but generally as "household goods, furniture," etc., there was a loss amounting to four hundred and seventy-five dollars. In such case there was not a total loss, though some of the furniture was totally destroyed, and an arbitration under a provision of the policy for arbitration was not void under the valued policy law, even though such an arbitration might be void in case of a total loss.

2. Arbitration and Award. *Validity of arbitration.*

It is the policy of this state to permit parties to arbitrate their differences and to give effect to a valid submission and award in such cases. The matter of arbitration and award is covered by

chapter 6, Code 1906, and the public policy of the state in regard thereto is embraced in section 114, providing that the act shall be liberally construed for the encouragement, of the settlement of disputes and the prevention of litigation.

Appeal from the circuit court of Jones county.
Hon. Paul B. Johnson, Judge.

Suit by W. Fred Skaggs against the Scottish Union & National Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McLaurin & Arminstead* and *Street & Street,* for appellant.

The subject of the controversy in this law suit was submitted to competent appraisers, who made a valid award, and both parties are bound by it. No question of fraud in the agreement to submit to appraisers, or in the appraisement or in the finding of the appraisers enters into the controversy. It is just a plain case of one of the parties being dissatisfied with the amount of the award, and refuses to abide by it, and brings a suit, thus attempting to entirely ignore it.

On page 38 of the record will be found a letter written by Skaggs to the Insurance adjusters in which he says that he is willing to submit it to appraisers. On page 39 he writes that it is satisfactory to have appraisers adjust the claim and he names W. E. Bridges, of Laurel, "who is both competent and disinterested" to act as his appraiser. On page 40, is another letter from Skaggs to the adjusters, enclosing "signed agreement" and asking them to sign one and return to him by return mail; and he hoped that the appraisers would be "up here next Friday, March 26, so we can settle this claim." The signed agreement to arbitrate and the appointment of the appraisers and the award of the appraisers have already been referred to and appear in the record more times than necessary. We de-

sire here to call the court's attention to the wording of the agreement for submission to appraisers to the effect that the appraisers "shall appraise and ascertain the sound value of and the loss upon the property damaged and destroyed by fire." The actual award of the appraisers "determined the sound value and the loss and damage to be as follows: Sound value, three hundred forty-four dollars and twenty-five cents; loss, one hundred sixty dollars and seventy-five cents. It is plain that the articles of submission and the award covered both the loss and damage.

The policy sued provides for the appointment of appraisers and the submission to them of the matters in dispute, "and the award in writing of any two shall determine the amount of such loss." But, aside from the terms of the policy, we submit that the parties had a perfect right to submit their differences to appraisers and they would each be bound by the award, in the absence of fraud, and no suit can be maintained by the insured in this case on the policy. The only suit he could maintain would be for the amount of the award. In this connection, see *Jones* v. *Harris,* 58 Miss. 293, where the court speaking through Campbell, J., held that an award pleaded constituted a bar to the further prosecution of the action.

Another award was upheld by this court in *Oil Co.* v. *Buster,* 84 Miss. 91, in the face of numerous objections to it. In the recent case of *Insurance Co.* v. *Kennington,* 71 So. 378, this court holds that an insured is not bound to submit to a second appraisement, where the first attempt fails, but the court strongly implies that the provision for an award contained in the policy is valid, and that the insured would be bound by the award if an agreement had been reached by the appraisers. And in the still later case of *Insurance Co.* v. *Cowan,* 71 So. 746, this court not only held that the arbitration clause in an insurance policy is valid and

binding on the insured, but is valid and binding on a mortgagee, if he had notice of it.

We are unable to perceive any reason why Skaggs is not bound by the appraisement and award in this case. It may be said by appellee that the appraisers made no·award of the value of the totally destroyed goods; but both the agreement of submission and the award show that they were to consider and did consider both "loss and damage."

The Alabama supreme court, in *Georgia Home Insurance Co.* v. *Kline,* 21 So. 958, considered this very point and held (quoting. from the syllabus.): "An a-ward fixing the amount of loss under a fire insurance policy, by appraisers provided for in the policy, and also acting under a written submission executed by the parties after the fire, which constituted them arbitrators, cannot be impeached in an action at law on the ground that the appraisers refused to consider, or to include in the award, the loss on so much of the property as was totally destroyed, when such loss was clearly within the submission and was covered by the terms of the award."

The Alabama court again, in *Rutter & Hendrix* v. *Hanover Fire Insurance Co.,* 35 So. 37, in construing an agreement of submission similar to the one at bar, uses this language: "We think it quite clear that the terms of the agreement called for an appraisal of the property totally destroyed as well as for that partially injured. It was the duty of the arbitrators under this agreement to appraise the property totally destroyed, as well as that which was partially destroyed, unless there had been a modification of the agreement 'of appraisal by the parties that dispensed with such duty on the part of the arbitrators." See also *Early* v. *Ins. Co.,* 140 Am. St. Rep. 750, Century Digest, paragraphs 1430-2-4-; Decennial Digest, paragraph 574; *Hanover Insurance Co.* v. *Lewis,* (Fla.), 10 So. 297, *Yarbo* v. *Purser,* 74 So. 425.

So, on the main proposition that the submission to and the award of the arbitrators is binding on all the parties to this litigation, there would seem to be no doubt, and the lower court was clearly in error in sustaining the demurrer to the special plea. It follows that appellee has no right to maintain this suit, since it is not a suit to enforce the award, and it ought to be reversed and dismissed.

*W. J. Pack* and *Jeff Collins,* for appellee.

It is the contention of appellee that any pretended agreement entered into by appellee and appellant as to the property totally destroyed by fire is an absolute nullity and cannot be enforced against appellee, since, the statute Laws of 1912, chapter 224, amending section 2592 of the Mississippi Code of 1906, referring to the kind of property insured by appellant in this case, absolutely fixes the amount of recovery of property totally destroyed by fire and shuts out any agreement tending to fix any other value than that fixed by the policy of insurance.

Appellants, in their brief, state that there was an agreement to submit the entire loss both of the property partly destroyed and the property totally destroyed to arbitration and that the award complies with this submission. We cannot understand how there could be an appraisement of the value of the property which was totally destroyed. There would be nothing from which or to which the appraisers could work. The Missouri supreme court in the case of *O'Keefe* v. *Liverpool & London Insurance Co.,* 140 Mo. 558, 39 L. R. A. 819, makes this apt observation about an appraisement of the value of the property totally destroyed by fire, saying, "Such an appraisement would be an anomaly." The court further says the "whole case depends upon the claim of plaintiff that the less was total. If he was right there was nothing to appraise,

nothing to arbitrate." So we take the position that it never was the intention of the parties to have the value of the property totally destroyed appraised since under the law, an appraisement was prohibited and because an attempt to appraise property totally destroyed would be fraught with too many conjectures and uncertanties. We call the court's attention further to the opinion in the case above referred to where it is stated that: "An agreement to arbitrate in case of a total loss is repugnent to our statute and void." This decision was under a statute of Missouri similar to the statute of Mississippi referred to above. The case of *Insurance Company* v. *Cowan*, 71 So. 746, cited by counsel for appellant in their brief on pages 748 and 749 of the opinion states: "In our opinion the question of whether or not the loss under consideration was a total loss should have been submitted to the jury under proper instructions, and if the jury found that the loss was a total loss, the company should have been required to pay the full amount of the twenty-five hundred dollar item of the policy, and if the jury found that the loss was only partial, the suit should have been abated pending a submission of the matter to an appraisement according to the terms of the policy. It will be seen in this case there was an appraisement fixing the value at two thousand and twenty-nine dollars and thirty-three cents when the property was insured for twenty-five hundred dollars. The case then, certainly holds that the pretended appraisement is not binding if there was a total loss and the question of arbitration did not enter into the case, if the property was a total loss. If an insurance company could bind the insured by a provision in its policy to submit the matter of the value of the property destroyed to an appraisement, it could, by indirect methods, make of no effect the statute above referred to. Our court in the case of *Darden* v. *Liverpool & London Insurance Co.*, 68 So. 485, holds that an in-

surance company cannot avoid this statute by an agrée-
ment with the insured that real property is to be con-
sidered personal property. What was attempted to be
·ne in the case above referred to was only an attempt
on the part of the insurance company to avoid this
provision of our statute. The supreme court of Mis-
souri, in the case of *Havens* v. *Germania Fire Insurance
Company,* 26 L. R. A. 107, page 111, of the opinion in-
dorses a statement made by the supreme court of Ohio
in the case of *Insurance Company* v. *Lesley,* 47 Ohio
State, 479, 9 L. R. A. 45, which is as follows: "The
statute cannot be treated as conferring upon the as-
sured a mere personal privilege which may be waived
or qualified by agreement. It has a broader scope. It
molds the obligation of the contract into conformity with
its provisions; and establishes the rule and measure of
the insurer's. liability. The terms and conditions em-
braced in the policy, inconsistent with the provisions of
the statute, are subordinate to it, and must give way."
Justice STEVENS, in the case of *Daren* v. *Liverpool &
London Insurance Company, supra,* quotes the follow-
ing language from a case of the *Insurance Company* v.
*Barren,* 91 Miss. 722, 45 So. 875: "Section 2592, Code
1906, is as much a part of this policy as if written in the
face of it. Any provision in the insurance contract which
conflicts with it in any way is a nullity." We do not
see how there can be any dispute of the fact that an
agreement to arbitrate as to the value of the property
totally destroyed, when the value has already been
agreed upon by the parties to the contract of insurance
and the premium already paid by the insured, could be
anything else than an attempt to avoid the provision of
the statute, and since it is an attempt to avoid this law
of our state, it is absolutely null and void. Hence the
value fixed by the appraisers and the pretended award
made is not binding upon appellee and does not preclude
him from bringing suit for the value of the property as
stated in the face of his policy.

Ethridge, J., delivered the opinion of the court.

W. Fred Skaggs brought suit against the Scottish Union & National Insurance Company on a policy issued March 3, 1913, on household furniture and effects, the policy covering a period of three years from its date. In January, 1915, a fire burned the house occupied by the plaintiff, and a portion of the furniture was destroyed or damaged. The plaintiff sued for four hundred and seventy-five dollars and fifty cents, suit being based upon the policy, which was attached to the declaration. The defendant pleaded on arbitration and award, in which plea it was alleged that, after the loss plaintiff and defendant submitted the matter to an arbitration, at the request and instance of the plaintiff, and that the arbitrators awarded plaintiff one hundred and sixty dollars and seventy-five cents; that this amount was tendered by the insurance company to the plaintiff, which plaintiff declined. The plea also set forth that the contract of insurance provided for an arbitration in the case of disagreement between the plaintiff and defendant as to the value of the property damaged, or destroyed, in case of fire, and made a copy of the agreement for submission to arbitration, and the award exhibits to the plea, and alleged that it was not liable beyond the one hundred and sixty dollars and seventy-five cents awarded. To this plea the plaintiff demurred on two grounds: First, that the plea shows on its face that the provisions of the said insurance policy referred to in the special plea as to total loss to be invalid and void, and therefore any arbitration based thereon is void; second, that the special plea and appraisement show on their face that the entire subject-matter purported to have been submitted to the arbitrators was not considered by the arbitrators, and no award was made as to damage, but that the award was only made as to loss.

114 Miss.—40

It was the theory of the plaintiff that some of the insured furniture was totally destroyed, and that the provisions of the valued policy law prohibited the company from denying the actual value of such articles totally destroyed, and that the arbitration as to this part was void. It was contended that the clause in the agreement to submit, as follows:

"It is expressly understood that this agreement and appraisement is for the purpose of ascertaining and fixing the amount of sound value and loss and damage only, to the property hereinafter described, and shall not determine, waive or invalidate any other right or rights of either party to this agreement." has the effect of invalidating the award as a binding obligation. The furniture insured was not described in particular items, but was described generally as "household goods, furniture, kitchen furniture, utensils, bed, bedding, linens, carpets," etc., covering *in extenso* general classes of household property. The policy was for one thousand dollars, and the loss and damage claimed only amounted, according to plaintiff's claim, to four hundred and seventy-five dollars. There was not, therefore, a total loss, and the valued policy law did not affect this arbitration.

It is not necessary to decide whether, in case of total loss, the clause to submit to arbitration would be binding. The arbitration, according to letters introduced in evidence, was brought about at the instance of the plaintiff, and nothing appears upon the face of the submission and findings, made an exhibit to the plea, to show that the arbitration was avoided for any of the matters named in section 107 of the Code, being a part of the chapter on "Arbitration and Award."

It is the policy of this state to permit parties to arbitrate their differences and to give effect to a valid submission and award in such cases. The matter of arbitration and award is covered by chapter 6, Code of 1906; and the public policy of the state in regard

thereto is embraced in section 114, the concluding section of this chapter, which reads as follows:

"*How to Construe This Statute.*—This chapter shall not be construed to take away from the courts of equity their power over awards, nor to make invalid any award good at common law; and it shall be liberally construed for the encouragement of the settlement of disputes and the prevention of litigation."

We think it was error for the court below to sustain the demurrer to the plea of the defendant. The case will be reversed and remanded, with leave to the plaintiff to plead further, and, if he desires, to amend his original declaration to conform to this opinion.

*Reversed and remanded.*