WALLER, Justice,
for the Court:
¶ 1. In June of 1993, Americrete, Inc., a Mississippi corporation, was formed by two brothers, John and Joseph Green (collectively referred to as “Americrete”). Americrete was a ready mix concrete business, with locations in both Meridian and Flowood. The Greens formed Americrete for the sole purpose of purchasing West Alabama Lime Company, a corporation owned by C.A. Boyd, Pierce Boyd and Smith Boyd (collectively referred to as “West”). West is a foreign corporation authorized to do business in Mississippi, with its principal place of business in Sumter County, Alabama.
¶ 2. On August 2, 1993, Americrete and West entered into an agreement for the sale and purchase of West’s operations in Mississippi. In this agreement, West agreed to sell its Mississippi concrete business and assets to Americrete, with an option to purchase West’s Alabama assets and operations.
¶ 3. On November 5, 1993, the parties entered into an agreement for the sale and purchase of West’s operations, which memorialized and completed the August 2, 1993, agreement. In this agreement, the parties also agreed to include the Alabama assets and operations in the purchase. A formal closing of the business, however, was not scheduled until February 19, 1996. The parties had numerous disagreements over the interpretation of these agreements, and the disputes have yet to be *417 fully resolved. From August 2, 1993, to the present, Americrete has retained actual control of the concrete business, its assets, operations, fiscal matters, records and information.
¶ 4. On April 26, 1996, West filed suit against Americrete in the Chancery Court of Lauderdale County. West requested an accounting of the Americrete’s management of the business since August of 1993, a prohibitory injunction, a mandatory injunction, and a declaratory judgment. Americrete filed its answer and counterclaim, asserting that West had breached the November 5,1993, agreement in several ways, specifically contending that West failed to convey title to any of the personal or real property. The counterclaim also sought declaratory relief.
¶ 5. The November 5, 1993, agreement provided for arbitration of any disputes. The chancery court, however, found, the agreement to arbitrate to be unenforceable in Mississippi and declined to send the matter to arbitration. Americrete and West then reached an agreement that called for a limited hearing of their dispute by arbitration. On June 10, 1997, the chancery court entered an Agreed Order for Arbitration, in which the chancery court maintained strict control over the arbitration. The agreed order provided for subsequent review and confirmation or rejection of the arbitrators’ decision by the chancery court.
¶ 6. The arbitrators considered the issues between September 30, 1997, and December 18, 1997. On December 18, 1997, the arbitration panel issued, and filed with the court, a document entitled, “Report, Finding and Award of Arbitrators.” On December 31, 1997, the chancery court entered an order which affirmed the holdings and findings of the arbitrators. Am-ericrete contends that since the June 10, 1997, order limited the scope of the arbitrators’ considerations to only those issues raised by the parties in their first submissions, that this order was violated when oral presentations were later considered by the arbitrators in making their decision. Americrete further asserts that the arbitrators violated the June 10,1997, order by not submitting a listing of the documents they reviewed in making their decision.
¶ 7. On January 7, 1998, Americrete filed a Motion for New Trial and/or Amendment of Judgment and Entry of Findings and Conclusions of Law. This motion challenged the assessment of attorneys’ fees as being outside the scope of the arbitrators’ authority, challenged the weight of the evidence, and asked that the. chancery court enter specific findings of .fact and conclusions of law regarding its decision. On April 8, 1998, the chancery court denied Americrete’s motion. On January 29, 1998, the arbitrators entered a unilateral order in the chancery court setting the award of attorney’s fees and “expenses” at a total of $37,262.28. The chancery court never reviewed nor approved this order.
¶ 8. Americrete further contends that the record before the Court does not contain any of the documents considered by the arbitrators, does not include the initial submission of the parties, or any of the transcripts or stenographic records of presentations to the arbitrators. Americrete asserts that the chancery court’s judgment adopting the arbitrators’ award as its own has greatly prejudiced Americrete’s right to a full appeal even though the Agreed Order expressly reserved all rights to appeal.

STATEMENT OF LAW

I. WHETHER THE CHANCERY COURT ERRED IN NOT GRANTING AMERICRETE’S MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.
¶ 9. Subsequent to the chancery court’s approving the arbitrators’ award, Ameri-crete timely filed a motion for entry of findings of fact and conclusions of law. The chancery court refused Americrete’s request, stating in its Memorandum Opinion of April 8, 1998, that, “this Court is not *418 required to render a finding of fact and conclusions of law after the arbitration panel has rendered its decision.” This Court disagrees and finds the chancellor erred by not entering findings of fact and conclusions of law.
¶ 10. This Court has consistently held that arbitrators have no obligation to issue any findings of fact or conclusions of law. Craig v. Barber, 524 So.2d 974, 976-77 (Miss.1988). “Absent contractual agreement to the contrary, arbitrators have no legal obligation to give the basis or reasons for the award.” Herrin v. Milton M. Stewart, Inc., 558 So.2d 863, 864 (Miss.1990). However, Americrete is not seeking the findings of the arbitrators, but rather is seeking the findings of fact and conclusions of law upon which the chancellor affirmed the decision of the arbitrators.
¶ 11. The issue of whether a chancellor, upon timely request, must render findings of fact and conclusions of law when affirming or denying an arbitration award, based upon an agreed order for arbitration, is one of first impression in Mississippi. Rule 4.01 of the Uniform Chancery Court Rules states in relevant part as follows:
In all actions where it is required or requested, pursuant to M.R.C.P. 52, the Chancellor shall find the facts specifically and state separately his conclusions of law thereon. The request must be made either in writing, filed among the papers in the action, or dictated to the Court Reporter for record and called to the attention of the Chancellor.
(emphasis added). This rule clearly states a chancery court is obligated to make findings of fact and conclusions of law upon request by a party. There is no case law nor any rules which suggest an exception to Rule 4.01 when the chancellor is affirming or denying an arbitration award.
¶ 12. In Tricon Metals & Servs., Inc. v. Topp, 516 So.2d 236, 239 (Miss.1987), this Court concluded, “in cases of any complexity, tried upon the facts without a jury, the Court generally should find the facts specifically and state its conclusions of law thereon.” “Where ... a case is hotly contested and the facts greatly in dispute and where there is any complexity involved therein, failure to make findings of ultimate fact and conclusions of law will generally be regarded as an abuse of discretion.” Tricon at 239.
¶ 13. The Hawaii Supreme Court has addressed this same issue'. In Clawson & Habilitat, Inc., 71 Haw. 76, 783 P.2d 1230 (1989), a homeowner filed a motion to vacate an arbitration award involving a dispute with a contractor. The circuit court subsequently affirmed the arbitrator’s award. The Hawaii Supreme Court, however, vacated the circuit court’s decision and held as follows:
Here, without proper findings of fact and conclusions of law, we are unable to determine whether the circuit court erred in denying appellant’s motion to vacate the arbitration award. We hold that whenever material facts are in dispute in determining whether an arbitration award should be vacated, the circuit court should conduct an evi-dentiary hearing and render findings of fact and conclusions of law in support of granting or denying the motion to vacate the arbitration award.
Clawson at 1232 (emphasis added).
¶ 14. In the present case, Ameri-crete asserts throughout its brief that the arbitrators failed to abide by the limitations set forth in the agreed order. Although Americrete and West agreed not to utilize Mississippi statutory law on arbitration, they did “reserve all rights of appeal” in the agreed order. Furthermore, the chancery court agreed to review the award and adopt the arbitrator’s decision as its own absent any violation of the agreed order or Mississippi law. However, neither this Court nor Americrete are able to determine if the order was, in fact, violated without the chancery court’s findings of fact and conclusions of law. The chancery court clearly retained control over this *419 case and had a duty to issue its reasoning in affirming the arbitrators’ decision.[1]
¶ 15. Likewise, this Court is unable to determine if the arbitrators erred in awarding attorneys’ fees in the amount of $37,262.28. Without the chancellor’s findings, conclusions, and order, this Court has no means by which to review the arbitrators’ award of attorneys’ fees. Therefore, this Court vacates the order affirming the arbitrators’ award and remands this case to the Chancery Court of Lauderdale County for entry of findings of fact and conclusions of law.. Because the chancery court erred by not entering findings of fact and conclusions of law, we need not reach any other issues raised on this appeal.

CONCLUSION

¶ 16. This chancery court erred by not entering findings of fact and conclusions of law for its decision to affirm the arbitrators’ award. Therefore, this Court vacates the order affirming the arbitration award and remands this case to the Chancery Court of Lauderdale County for entry of findings of fact and conclusions of law as to whether the arbitrators’ decision was in compliance with the agreed order and the laws of the State of Mississippi, and for a ruling with findings and conclusions on the arbitrators’ award of attorneys’ fees.
¶ 17. VACATED AND REMANDED.
PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE AND DIAZ, JJ„ CONCUR. SMITH, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS AND COBB, JJ.

. We emphasize that the parties in this case agreed that the arbitrators’ decision should be reviewed by the chancery court and that the chancery court retained ultimate decision-making authority. This opinion does not imply that parties may not enter into binding arbitration agreements, nor does this Court discourage the practice and principles of arbitration or any other form of alternative dispute resolution.