# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-00924-SCT

*JOHNSON LAND COMPANY*

*v.*

*C. E. FRAZIER CONSTRUCTION COMPANY, INC.*
*AND THE AMERICAN INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/11/2003 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GLENN STURDIVANT SWARTZFAGER |
| ATTORNEYS FOR APPELLEES: | SAMUEL C. KELLY |
| | CHERI TURNAGE GATLIN |
| | KENNETH G. PERRY |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 01/26/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE COBB, P.J., CARLSON AND DICKINSON, JJ.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Johnson Land Company, a subcontractor, appeals a decision by the Hinds County Circuit Court confirming an arbitration award in favor of a general contractor, C. E. Frazier Construction Company, Inc.

### FACTS AND PROCEDURAL HISTORY

¶2.     This case arises out of a subcontract executed between C. E. Frazier Construction

Company, Inc., (Frazier) and Johnson Land Company, (Johnson), in which Frazier was the prime contractor for the construction of a new elementary school for the Yazoo City Municipal School District, and Johnson was to perform certain dirt work as a subcontractor. Under the terms of the subcontract, the parties agreed to a binding arbitration provision that was silent regarding subsequent court review, but did state that all claims, disputes and other matters would be decided in accordance with the rules and procedures of the American Arbitration Association. After a dispute arose between Johnson and Frazier, Johnson filed a complaint against Frazier and its surety, American Insurance Company (American), in the Hinds County Circuit Court. Subsequently Johnson and Frazier entered a separate arbitration agreement which stated the circuit court would retain jurisdiction "to enter judgment on the arbitrator's award."

¶3. The timing of events that occurred is important to Johnson's appeal, and the following time line is set forth to assist in analyzing the application of pertinent statutory provisions:

12/30/2000    Subcontract executed by Frazier and Johnson.

02/11/2002    Johnson filed complaint against Frazier and American, requesting payment for work performed from December 2000 through March 2001.

06/20/2002    Agreed Order for Stay Pending Arbitration was signed by counsel for both Johnson and Frazier and entered by the circuit court.

08/28/2002    Counsel for Johnson and Frazier, on behalf of their clients, executed separate arbitration agreement which set forth specific terms and conditions for arbitration. It also stated, inter alia, that all claims (except a bad faith claim against Frazier's insurer) would be submitted to binding arbitration pursuant to the rules of the American Arbitration Association.

11/26/2002    Arbitrator entered one page award finding for Frazier and against Johnson in the amount of $150,209.72.

12/11/2002    Frazier filed motion requesting that the circuit court confirm the award.

2

12/13/2002    Johnson filed  response asserting that the motion to confirm was premature, as Johnson *expected* to file a motion for reconsideration with the arbitrator. within 20 days from the award.

01/03/2003    Arbitrator denied Johnson's request for reconsideration and affirmed the original award.

01/17/2003    Agreed Order Confirming Arbitration Award was "approved as to form" by counsel for Johnson, "agreed and approved" by counsel for Frazier, and this agreed order and a final judgment were entered by the circuit court.

01/30/2003    Newly retained counsel filed Motion to Set Aside Judgment in the circuit court.

02/12/2003    The circuit court entered new Order Confirming Arbitration Award and a new Final Judgment, in response to Frazier's second Motion for Order Confirming Arbitration Award.

04/01/2003    Johnson filed Notice of Appeal and Motion to Vacate in the circuit court.

10/29/2003    Circuit court entered Order Denying Plaintiff's Motion to Set Aside Judgment.

11/06/2003    Johnson filed Motion to Reconsider Orders Dated October 28, 2003, and to Complete Orders and Opinions on Pending Motions Presented by Oral Argument on October 13, 2003.

04/14/2004    Johnson's Motion to Reconsider was denied, along with the Motion to Vacate.

05/07/2004    Johnson appealed the circuit court's denial of its Motion to Set Aside Judgment, entered on October 29, 2003, as well as the Order Denying Plaintiff's Notice of Appeal and Motion to Vacate entered on April 14, 2004, and the denial of Plaintiff's Motion to Reconsider Orders entered on April 14, 2004.

¶4.    On appeal, Johnson asserts that the judgment confirming the award was not  valid and that

the circuit court erred by not entering a written opinion with findings of fact and conclusions

of law.  Johnson also asks this Court to vacate the decision of the arbitrator and remand to the

3

circuit court.[1]   Finding no error, we affirm the Hinds County Circuit Court's confirmation of the arbitrator's award.

## ANALYSIS

**I.**   **WHETHER THE CIRCUIT COURT ERRED BY CONFIRMING THE ARBITRATION AWARD**

¶5.      This case is governed by the provisions of Miss. Code Ann. Sections 11-15-101 through -143 (Rev. 2004), which address arbitration of controversies arising from construction contracts and related agreements. The standard of review for vacating, modifying, or correcting arbitration decisions is set out in Miss. Code Ann. Sections 11-15-133 and -135. These sections contain specific grounds, and the time frame during which they must be asserted, which represent the only way a court is allowed to overturn the award of an arbitrator. As this Court said in ***Craig v. Barber*** 524 So. 2d 974, 978 (Miss. 1988), " the *only* bases in our law for refusal to enforce an arbitration award are: (a) The award was procured by corruption, fraud or other undue means; (b) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of the parties." (quoting Miss. Code Ann. Section 11-15-133(1)) (emphasis in original).          M i s s

C o d e

A n n .

S e c t i o n

1 1 - 1 5 -

---

[1] The two orders of the Hinds County Circuit Court, from which Johnson now appeals, make no mention of American, which was not a party to the arbitration agreement, and which has merely adopted and incorporated by reference portions of Frazier's briefs.

135(1) states in relevant part, the following additional grounds upon which an arbitration award shall be modified or corrected:

(a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred in the award;

(b) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the controversy; or

(c) The award is imperfect in a matter of form, not affecting the merits of the controversy.

¶6. If none of the grounds to challenge the award are asserted within their respective time limits, the court shall confirm the award in accordance with Miss. Code Ann. Section 11-15-125, which provides that:

> [u]pon application by a party to the arbitration filed within ninety (90) days of the receipt of the later of a copy of the award issued pursuant to section 11-15-119, or a modified or corrected award as provided by section 11-15-123 the court *shall* confirm the award *unless* within the time limits hereinafter imposed grounds are urged for vacating, modifying, or correcting the award, in which the court shall proceed as provided in sections 11-15-133 and 11-15-135.

Miss. Code Ann. §11-15-125 (emphasis added). Further, the scope of judicial review of an arbitration award is quite narrow, and every reasonable presumption will be indulged in favor of the validity of the arbitration proceedings. *Craig*, 524 So.2d at 977 (quoting *Hutto v. Jordan*, 204 Miss. 30, 41, 36 So 2d 809, 812 (1948)). A court simply cannot go outside the stated grounds in the statute for challenging an arbitration award, absent a contrary provision in the contract.

¶7. Johnson argues that, according to Miss. Code Ann. Sections 11-15-125 and -135, it should have been allowed ninety days (until April 3, 2003) to challenge the arbitrator's award based on one of the listed grounds, before the circuit court could confirm it. Frazier, however, correctly points out that according to the same code section, the award shall be confirmed absent the existence of at least one of the grounds listed for vacating, modifying, or correcting an award. Because Johnson did not assert any of these grounds in its response asserting that the motion to confirm was premature, its motion to set aside judgment, motion to vacate, or motion to reconsider, we agree that the circuit court properly confirmed the award.

¶8.    None of the applicable statutes expressly prohibits the circuit court's ability to enter an order confirming the arbitration award before the ninety-day period expires.  In fact, just the opposite is true.  Upon application filed *within* ninety days after receipt a copy of the award, the court *shall* confirm an award if none of the statutory grounds for challenging the award are asserted within the respective time limits. The statutory language is mandatory, not discretionary.

¶9.    When Frazier moved to have the arbitration award confirmed, Johnson had the opportunity to raise any of the grounds for challenge stated in the statute, *but it did not*.  Requiring the circuit court to wait ninety days or more to confirm an arbitration award would be contrary to a "prime objective of arbitration law [which] is to permit a just and expeditious result with a minimum of judicial interference."  See ***Gulf Guar. Life Ins. Co. v. Conn.  Gen. Life Ins. Co.***, 304 F.3d 476, 492 (5th Cir. 2002).

¶10.   Further, according to Miss. Code Ann. Section 11-15-133(2), even a party challenging an award "predicated upon fraud, corruption, or other undue means" has only ninety days to do so, starting from the date the fraud, corruption, or other undue means is known or should have been known.  It is easy to envision the negative effects Johnson's interpretation of the statute could have on the benefits of arbitration, if a trial court must wait ninety days, in every case, before confirming the award.  The protection provided when any of these three grounds is discovered, or should have been discovered, is not diminished by this logical reading of Section 11-15-133(2).

¶11.   Frazier's position is also most faithful to the parties' intentions at the time the contract was formed. They were obviously concerned with efficiency because the subcontract stated that time was of the essence, and the parties agreed to an arbitration provision that was binding.  None

7

of the required statutory grounds were asserted by Johnson, so the court properly and expeditiously confirmed the award as dictated by the statute.

¶12. This Court has said "[o]ur duty is to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." *Pope v. Brock,* 912 So. 2d 935, 937 (Miss. 2005). Allowing courts to confirm an arbitration award within ninety days of the receipt of the award, when no statutory grounds for challenging it are asserted, is the most reasonable interpretation of the statute, considering both its plain language and the prime objectives of arbitration.

¶13. Even assuming, arguendo, that the trial court could not, or should not, confirm the award until the ninety days have elapsed, it would be, at most, harmless error where, as here, none of the stated grounds were asserted before the ninety-day time period expired.

¶14. Frazier also argues that when Johnson's counsel signed an agreed order for stay pending arbitration, Johnson waived its right to later challenge the award. We do not agree, based on the facts and circumstances of this case. However, this issue is immaterial because Johnson never asserted any of the listed grounds for vacating, modifying, or correcting the award under Sections 11-15-133 or -135.

## II. WHETHER THE CIRCUIT COURT ERRED BY FAILING TO ENTER A FULL OPINION

¶15. It is well-settled Mississippi law that an arbitrator does not have to make written findings of fact and conclusions of law, absent a provision in the contract or applicable statute to the contrary. *Herrin v. Milton M. Stewart, Inc.,* 558 So. 2d 863, 864 (Miss. 1990); *Craig,* 524 So. 2d at 976-77. Likewise, the Mississippi construction arbitration statutes do not require a written

record. The standard of review for determining whether the trial court judge should have entered a full record is abuse of discretion. *Tricon Metals & Servs., Inc. v. Topp,* 516 So. 2d 236, 239 (Miss. 1987).

¶16. Johnson asks this Court to hold that the trial court which confirms the arbitration decision must make findings of fact and conclusions of law with respect to its decision to confirm. Johnson's argument in support of this request relies primarily upon *Americrete, Inc. v. West Alabama Lime Co.,* 758 So. 2d 415, 419 (Miss. 2000), in which this Court vacated a trial court order affirming an arbitration award and remanded for entry of findings of fact and conclusions of law. Johnson's reliance, however, is misplaced. Although at first glance *Americrete* might appear to be on point, there are key factual differences between it and the present case. In *Americrete,* the parties not only expressly agreed that the arbitrator's decision would be reviewed by the chancery court, but also agreed for only a limited hearing of their dispute by arbitration. *Americrete,* 758 So. 2d at 417. The agreement in the present case was for full arbitration of Johnson's and Frazier's dispute by an arbitrator whose decision would be binding, and the circuit court would only "retain jurisdiction to enter judgment on the award by the arbitrators."[2] In addition, none of the listed grounds for vacating, modifying or correcting were raised by Johnson in the present case. Further, this Court made clear its holding in *Americrete* was limited to the specific facts in that case. *Id.* at 419. And finally, the present case did not involve any issues of complexity as Johnson argues pursuant to *Americrete. Id.* at 418. Rather it is merely a decision to confirm or vacate the award based on very limited grounds.

---

[2] The parties clearly could have agreed to have the circuit court review the arbitrator's decision and have final decision-making authority under *Americrete* by so stating in their arbitration agreement.

9

¶17.     Johnson and Frazier were obviously concerned about avoiding the time and expense of litigation because they agreed that time was of the essence and that arbitration would be binding. Therefore, requiring a written record would frustrate the parties' initial contract.          Mississippi Rules of Civil Procedure 52 and 53(g),[3] and our Uniform Rules of Circuit and County Court Practice 5.05[4] do not change this result.   The circuit court is confirming an arbitration award here, not trying an action upon the facts.

¶18.     We agree with the analysis and ruling of the Supreme Court of Washington, in *Thorgaard Plumbing & Heating Co. v. County of King*, 71 Wash. 2d 126, 132, 426  P.2d 828 (1967), that arbitration is a substitute for, rather than a mere prelude to, litigation.   The object is to avoid what some feel to be the formalities, the delay, the expense and vexation of ordinary litigation. *Id.*   " [T]he confirmation of an award . . . is not a trial.  Findings of fact would have been superfluous." *Id.* at 136.   This reasoning supports the long-standing public policy, set forth in *Scottish Union & National Ins. Co. v. Skaggs,* 114 Miss. 618, 619, 75 So. 437, 438 (1917), to "permit parties to arbitrate their differences and to give effect to a valid submission and award." *Id*.  Further, the *Skaggs* Court articulated the public policy that the arbitration and award statute

---

[3] M.R.C.P. 53(g)(1) states in relevant part that a hearing officer shall prepare a report upon the matters submitted to him and that "[h]e shall file the report with the clerk of the court and,  unless otherwise directed by order of reference, shall file with it a transcript of proceeding and of the evidence in the original exhibits."

[4] U.R.C.C.C. 5.05 states in relevant part; "[i]n appeals in which the appeal is solely on the record, the record from the lower court or lower authority must be filed with the court clerk within thirty (30) days of filing of the notice of appeal."  It says further that "[f]ailure to file the record with the court clerk or to request the assistance of the court in compelling the same within thirty (30) days of the filing of the written notice of appeal may be deemed an abandonment of the appeal and the court may dismiss the appeal with costs to the appealing party or parties."

"shall be liberally construed for the encouragement of the settlement of disputes and the prevention of litigation." *Id.*

¶19. The court shall confirm the award, not review its substance. We find no error by the trial court.

## CONCLUSION

¶20. The circuit court properly confirmed the award within the ninety-day time period pursuant to the statute. In addition, the circuit court did not abuse its discretion by failing to make findings of fact and conclusions of law because no grounds for vacating, modifying, or correcting the award were asserted, and the parties had not agreed the court should retain jurisdiction to review the merits of the arbitration decision. The circuit court's judgment is affirmed.

¶21. **AFFIRMED.**

**SMITH, C.J., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. WALLER, P.J., DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**