**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| HENRY GOSSAGE, an adult individual, | No. 57120-0-II |
| Appellant, | |
| v. | |
| REALITY HOMES, Inc., a Washington corporation; SAVINGS ACCOUNT NUMBER 7000328315; THOMAS FANCHER and JANE DOE FANCHER, married adults, including any marital estate; JAMIE HANKEL and JANE DOE HANKEL, married adults, including any marital estate; LOWELL HANKEL, JR. and JANE DOE HANKEL, married adults, including any marital estate, | UNPUBLISHED OPINION |
| Respondent(s). | |

GLASGOW, C.J.—Henry Gossage contracted with Reality Homes Inc. to build his home. Following construction, Gossage claimed there were numerous construction defects and filed a lawsuit against Reality for breach of contract and violation of the Consumer Protection Act, chapter 19.86 RCW. The dispute moved to arbitration pursuant to a binding arbitration provision in the construction contract. An arbitrator awarded Gossage partial damages, as well as statutory fees and costs.

Gossage filed a motion for a trial de novo, which Reality moved to strike based on language in the construction contract waiving each party's right to a trial de novo. The trial court granted Reality's motion, struck Gossage's request for a trial de novo, and awarded Reality attorney fees and costs. Gossage appeals, and we affirm.

FACTS

Gossage and Reality, a home construction company, entered into a contract that included a disputes and arbitration clause. The clause provided, in relevant part, that any lawsuit must be filed in Pierce County Superior Court and "decided according to the Mandatory Arbitration Rules of Pierce County." Clerk's Papers (CP) at 34. The contract further provided that the arbitration award would be final, and the parties waived their rights to postarbitration trial de novo:

> Each party hereby expressly waives a jury trial . . . . The arbitrator's award shall be final and binding, [judgment] may be entered thereon in any court having jurisdiction, and both parties each waive their right to file any appeal for a trial de novo, thus assuring the cost-effective finality of any decision rendered. In the event a party fails to proceed with arbitration or fails to comply with the arbitrator's award, the other party is entitled to costs and expenses of suit, including a reasonable attorney's fee, for having to compel arbitration or defend or enforce the award.

*Id.*

Construction of the home was completed, and Gossage began living in the home in early 2018. Thereafter, Gossage began alleging numerous construction defects. Ultimately, in December 2019, Gossage filed a lawsuit in superior court against Reality. Gossage claimed that Reality was responsible for numerous defects in the home and breached the construction contract. The parties stipulated that Gossage's claims were subject to arbitration pursuant to the contract. The arbitrator awarded Gossage $10,500 plus $1,365 in statutory costs and fees.

Gossage then filed a request for trial de novo. Reality moved to strike Gossage's request and sought attorney fees and costs. Reality argued that the arbitration award was final and binding under the contract and that Gossage had waived his right to a trial de novo. Reality sought an award for attorney fees and costs for enforcing the arbitration award.

Gossage responded to the motion to strike arguing that it was untimely, that the contract was unconscionable and obtained by fraud, and that Gossage should be awarded sanctions. The superior court granted Reality's motion and entered an order striking Gossage's request for a trial de novo and awarding Reality attorney fees and costs.

Gossage appeals.

ANALYSIS

I. TIMELINESS

As an initial matter, Gossage argues that Reality's motion to strike his request for a trial de novo was untimely. Gossage characterizes Reality's motion as an appeal or cross appeal of the arbitration award and argues it therefore should have been filed within 20 days of the award. Reality's motion to strike cannot reasonably be construed as an appeal or cross appeal of the arbitration award; it was a direct response to Gossage's request for a trial de novo. Gossage's argument that Reality's motion to strike was untimely fails.

II. ISSUES NOT ON APPEAL

Gossage also makes several arguments that are not properly before us on appeal. He alleges that "[Judge] Quinlan lacked judicial authority to supersede [Judge] Swartz and dismiss [Gossage's] right" to request a trial de novo. Br. of Appellant at 5. There is nothing in the record on appeal of any decision by Judge Swartz. Accordingly, we do not address this argument further.

Gossage also attempts to argue the merits of his claims that Reality breached the Consumer Protection Act and breached the construction contract due to the alleged defects in the home. The merits of these claims are not properly before us. The trial court did not reach these claims before striking Gossage's request for a trial de novo. That decision—not the merits of Gossage's

3

underlying dispute with Reality—is the subject of this appeal. We do not address these arguments further.

### III. TRIAL DE NOVO

The primary issue on appeal is whether the trial court erred when it struck Gossage's request for a trial de novo based on the express language in the contract waiving the right to trial de novo. We hold that the trial court did not err.

Washington public policy favors binding arbitration. "'[A]rbitration is a substitute for, rather than a mere prelude to, litigation.'" *Godfrey v. Hartford Cas. Ins. Co.*, 142 Wn.2d 885, 892, 16 P.3d 617 (2001) (quoting *Thorgaard Plumbing & Heating Co. v. King County*, 71 Wn.2d 126, 131-32, 426 P.2d 828 (1967)). "Washington courts confer substantial finality on decisions of arbitrators rendered in accordance with the parties' contract and the arbitration statute." *Rimov v. Schultz*, 162 Wn. App. 274, 279, 253 P.3d 462 (2011). Consistent with this policy, judicial review of an arbitration award is exceedingly limited. *Dahl v. Parquet & Colonial Hardwood Floor Co.*, 108 Wn. App. 403, 407, 30 P.3d 537 (2001).

Parties may agree to arbitrate to resolve their disputes, and arbitration by agreement is different from mandatory arbitration. Arbitration by agreement is governed by the Uniform Arbitration Act, chapter 7.04A RCW. That statute allows judicial review of an arbitration award only in limited circumstances, and the statute does not contain a right to trial de novo. RCW 7.04A.230, 240.

In contrast, mandatory arbitration applies to certain civil cases, and mandatory arbitration is subject to trial de novo in superior court. RCW 7.06.010, .020, .050. Mandatory Arbitration Rules (MARs) govern the procedures for mandatory arbitrations. MAR 1.2. In addition, parties

engaging in arbitration by agreement may agree to the processes established in those rules. MAR 1.2, 8.1.

Here, the parties' contract provided that any dispute would be resolved through final and binding arbitration. The parties also stipulated that arbitration would be subject to the MARs. The contract expressly stated that "[t]he arbitrator's award shall be final and binding . . . and both parties each waive their right to file any appeal for a trial de novo, thus assuring cost-effective finality of any decision rendered." CP at 34.

Gossage argues that the waiver of the right to appeal by trial de novo was invalid under Washington law and that he is entitled to a trial de novo despite the contract language. Gossage relies on *Optimer International Inc. v. RP Bellevue, LLC*, 170 Wn.2d 768, 246 P.3d 785 (2011) and *Barnett v. Hicks*, 119 Wn.2d 151, 829 P.2d 1087 (1992).

In *Optimer*, the Washington Supreme Court explained that the parties could not waive or alter by agreement the limited judicial review available under former chapter 7.04 RCW (1943), the precursor to chapter 7.04A RCW. 170 Wn.2d at 772-73. But *Optimer* does not address entitlement to a more expanded judicial review in the form of trial de novo. *Id.* The *Optimer* court did not address trial de novo at all.

In *Barnett*, the parties entered into an agreement for private arbitration but subsequently sought full judicial review by recharacterizing the arbitration as a hearing before a referee. The Supreme Court rejected the parties' post hoc characterization of the proceeding, held it was an arbitration, and noted that former RCW 7.04.160 (1943) limited judicial review of arbitration decisions. *Barnett*, 119 Wn.2d at 160-61. The court held that the parties improperly attempted to expand the boundaries of review beyond that conferred in the former statute. *Id*. at 161. Like the

*Optimer* court, the *Barnett* court allowed only the limited judicial review available under former chapter 7.04 RCW where the parties arbitrated by agreement. *Id*. at 163. Thus, neither *Optimer* nor *Barnett* is helpful here.

This case is most comparable to *Dahl,* 108 Wn. App. at 407. In *Dahl*, Division One of this court addressed a contract that limited judicial review rather than expanded or altered it. There the court held that parties could stipulate to binding arbitration under former chapter 7.04 RCW to be conducted under the procedures found in the MARs and still waive their right to trial de novo. 108 Wn. App. at 403. The court emphasized that permitting parties to utilize the procedures of the MARs without automatically removing themselves from binding arbitration comports with the public policy that favors binding arbitration and the finality of disputes. *Id*. at 411.

The reasoning of *Dahl* applies here. The contract language is clear that the parties intended to subject their disputes to binding arbitration. It is equally clear that they intended to waive any right to trial de novo and considered an arbitrator's decision to be final and binding. This is no less true because the parties also agreed to otherwise use the MARs. As was the case in *Dahl*, this conclusion "comports with the public policy that favors binding arbitration, which is to provide a substitute not a prelude to litigation and to provide a means whereby parties can achieve finality in the resolution of their disputes and avoid court congestion as well as the delays, expense and vexation of ordinary litigation." *Id.* Moreover, the "strong public policy favoring finality of arbitration dictates that any ambiguity with respect to which statute the parties have invoked— [former] chapter 7.04 or chapter 7.06 RCW—be resolved in favor of binding arbitration under [former] chapter 7.04 RCW." *Id*. at 412.

Accordingly, we hold that the trial court did not err by granting Reality's motion to strike Gossage's request for a trial de novo because the contract in this case was for final and binding arbitration and the parties were not entitled to a trial de novo.

Gossage attempts to avoid the binding ramifications of the contract by arguing that the contract is unconscionable and unenforceable. It is unclear whether Gossage contends the contract is procedurally or substantively unconscionable. "Procedural unconscionability applies to impropriety during the formation of the contract; substantive unconscionability applies to cases where a term in the contract is alleged to be one-sided or overly harsh." *Burnett v. Pagliacci Pizza, Inc.*, 196 Wn.2d 38, 54, 470 P.3d 486 (2020). Gossage's unconscionability argument seems to be primarily based on his belief that Reality breached the contract by defectively constructing the home. But Reality's performance is not before us on appeal.

## ATTORNEY FEES AND COSTS

Gossage argues that we should award him CR 11 sanctions because Reality's motion to strike below was frivolous. We disagree.

Reality argues that it is entitled to attorney fees and costs pursuant to RAP 18.9(a) because Gossage's appeal is frivolous. Although Gossage did not prevail, his appeal was not frivolous and Reality is not entitled to attorney fees on this basis.

Reality also argues it is entitled to attorney fees and costs pursuant to RAP 18.1 and the terms of the contract. The parties' contract provides that either party is entitled to reasonable attorney fees and costs for enforcing an arbitration award. Accordingly, we award Reality reasonable attorney fees and costs for enforcing the arbitration award including appellate attorney fees and costs in an amount to be determined by a commissioner of this court.

No. 57120-0-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Maxa, J.

Veljacic, J.